IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-50236 |
| | ) | Chapter 11 |
| LOUIS ANTHONY TELERICO, | ) | Judge Alan M. Koschik |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CREDITOR UNITED STATES OF AMERICA'S OBJECTION TO PLAN CONFIRMATION**

Creditor United States of America objects to the confirmation of the Debtor's Plan of Reorganization Version 1.3 ("Plan") [Docket No. 114], and requests a hearing on the same. The Plan should not be confirmed because (1) the Plan does not provide for the secured claim of U.S. Department of Treasury, Internal Revenue Service, in the amount of $448,817.10 for income tax liabilities owed by the Debtor for the years 2009 and 2010, (2) to the extent the Plan seeks to treat the IRS's secured claim as valueless under 11 U.S.C. § 506(a) and thus as a Class 4 general unsecured claim, a separate Federal Rule of Bankruptcy Procedure ("FRBP") 3012 motion must be filed for a valuation determination in a separate contested matter, (3) the Debtor's pending adversary proceeding (AP No. 18-5008), which involves the issue of whether the IRS's tax liens attach to property held in the name of a Trust,[1] needs to be resolved before the Plan can be confirmed, and (4) the Plan was not filed in good faith, as the Debtor through his adversary

---

[1] The Plan defines "Trust" as the "Louis A. Telerico 2010 Amended and Restated Revocable Trust Indenture dated February 1, 2010." *See* Plan, p. 5, section 6.2(a). In his bankruptcy schedules, he refers to the Trust as the "Louis A. Telerico Amended and Restated Revocable Trust." *See* Docket No. 15, pp. 3-4, 7.

proceeding is seeking to void the IRS's liens on his Home[2] under the theory that the liens do not attach to property held in the Trust, yet his Plan proposes to transfer title of the Home to himself and his wife free and clear of all liens except for the lien of the Portage County Treasurer and the BOA Mortgage. Therefore, the Court should deny confirmation of the Debtor's Plan.

## BACKGROUND FACTS

### A. The Debtor's Bankruptcy Case and IRS's Proof of Claim

The Debtor filed a petition for Chapter 11 bankruptcy relief on February 5, 2017. In his schedules, the Debtor stated that he has assets with a value of $12,964,088.00, comprised of $11,916,000.00 in real property and $1,048,088.00 in personal property. *See* Docket No. 15, p. 1. The Debtor also stated that he has only $4,212,499.00 in liabilities to holders of secured claims. *See* Docket No. 15, p. 1. The IRS is listed as a holder of an undisputed, oversecured claim in the amount of $400,000.00 with collateral valued at $10,966,000.00; the claim is not listed as contingent, unliquidated, or disputed. *See* Docket No. 15, p. 12; *see also* FRBP 3003(b)(1) (undisputed claims are prima facie valid).

Debtor's Schedule A lists three real properties: (1) Debtor's residence at 545 Bristol Drive, Aurora, Ohio ("Home") with a value of $10,966,000.00, (2) one parcel of vacant land located next to the Home (the "Bristol Parcel") with a value of $275,000.00, and (3) two parcels of vacant land located next to the Home (the "Glengarry Parcels") with a value of $675,000.00. *See* Docket No. 15, at pp. 3-4. According to the Debtor's Schedule A, title to all three properties is in the name of the Trust. *See* Docket No. 15, at pp. 3-4.

---

[2] The term "Home" is defined in the Plan to mean 545 Bristol Drive, Aurora, Ohio. *See* Plan, p. 2, section 3.1.

On October 25, 2017, the IRS filed an amended proof of claim in the amount of $498,750.74, which asserts a secured claim in the amount of $448,817.10 for 2009 and 2010 federal income taxes, and a general unsecured claim in the amount of $49,933.64 for 2009 federal income taxes. [Claims Register, Claim No. 7-2.] The Debtor has not objected to the IRS's proof of claim, and the proof of claim is "deemed allowed" as filed in accordance with 11 U.S.C § 502(a).

Notices of the IRS's federal tax liens were filed with the Recorder of Portage County in accordance with 26 U.S.C. § 6323(f) and Baldwin's Ohio Revised Code Annotated, Title 3, § 317.09. On July 27, 2011, the IRS recorded a Notice of Federal Tax Lien ("NFTL") regarding the Debtor's 2009 federal income tax liability, with the Portage County Recorder. On April 2, 2012, the IRS recorded an NFTL regarding the Debtor's 2010 federal income tax liability, with the Portage County Recorder.

### B. Pending Adversary Proceeding

The Debtor is currently the Plaintiff in an adversary proceeding (AP No. 18-5008) against the United States and several other secured creditors with respect to the real properties described above. With respect to the United States, the Debtor alleges only that the IRS holds tax liens against the Debtor for unpaid income taxes, and that "[b]ecause the tax liens are against the Debtor they did not attach to the assets in the Trust and in particular the Real Estate." Amended Adversary Proceeding Complaint [AP Docket No. 5], at p. 6. The United States disagrees with the Debtor's position, and the Debtor's position in the adversary proceeding is inconsistent with his schedules.

## C. Debtor's Plan

On June 22, 2018, the Court entered an order approving the Debtor's Disclosure Statement Version 1.3 ("Disclosure Statement"). [Docket No. 119.]

The Debtor's Plan, filed on June 12, 2018, does not provide for the IRS's secured claim as set forth in its amended proof of claim filed. The Plan does not create a separate class for the IRS's secured claim or otherwise provide for the secured claim.

## ARGUMENT

### A. The Plan Fails to Provide for the IRS's Secured Claim for 2009 and 2010 Income Taxes.

The Plan cannot be confirmed because it does not propose terms for, or even mention, the IRS's secured claim for the Debtor's 2009 and 2010 income tax liabilities. On October 25, 2017, the IRS filed an amended proof of claim for a secured claim in the amount of $448,817.10 for 2009 and 2010 federal income tax liabilities. The Plan cannot be confirmed because it does not propose terms for how that claim will be treated. The Plan does not even consider that claim.

In a nonconsensual plan confirmation, the proposed plan must propose the following treatment of secured claims: (1) retain liens and make deferred cash payments totaling at least the allowed amount of the secured claim, (2) payment through a section 363 sale of assets, or (3) realization of the "indubitable equivalent" of the secured claim. *See* 11 U.S.C. § 1129(b)(2)(A). The Plan as currently stated does not provide for retention of liens or payment of the allowed amount of the secured claim in full. Indeed, the Plan improperly provides that the Home will be transferred free and clear of the tax liens. *See* Docket No. 15, p. 5, section 6.2(a). The proposed discharge of the tax liens is improper, and the Court should adequately protect the secured claim of the IRS. *See* 11 U.S.C. §§ 361 and 363(e).

It should be noted that federal tax liens under 26 U.S.C. § 6321 attach to all property and rights to property belonging to the Debtor, including personal property. The Debtor's schedules set forth far more than $448,817.10 in personal property, all of which is subject to the IRS's tax liens. The Debtor has not demonstrated an inability to collect those assets. The Plan should be modified so that the IRS's allowed secured claim is paid in full with postpetition interest under 11 U.S.C. § 506(b) until fully paid, with the retention of the tax liens on all property until the IRS's secured claim is fully paid.

> **B.** **To the Extent that the Plan Treats the IRS's Secured Claim as a Class 4 General Unsecured Claim, a Rule 3012 Motion Must be Filed for a Valuation Determination in a Separate Contested Matter.**

The Plan contains a Class 4 for general unsecured claims, stating that "Class 4 Creditors consist of the remaining balance due for Claims that were originally secured by the Debtor's Home other than Classes 1, 2, or 3, and all other unsecured Claims." Plan, at p. 4. To the extent that the Plan treats the IRS's secured claim as wholly unsecured as to the property of the estate, including the Home, and thus a Class 4 general unsecured claim, a Rule 3012 motion must be filed for a valuation determination under 11 U.S.C. § 506(a) in a contested matter, and it would be improper to conduct any collateral valuation without such a contested matter. Rule 3012(c) as amended on December 1, 2017, states that "[a] request to determine the amount of a secured claim of a governmental unit may be made only by motion or in a claim objection after the governmental unit filed a proof of claim or after the time for filing one under Rule 3002(c)(1) has expired." FRBP 3012(c). The amended Rule 3012 "shall govern…insofar as just and practicable…[in] all proceedings then pending [on December 1, 2017]. Preface to Amended Bankruptcy Rules, 319 F.R.D. 801, 802.

5

17-50236-amk    Doc 128    FILED 08/01/18    ENTERED 08/01/18 10:05:19    Page 5 of 8

To date, the Debtor has not filed a Rule 3012 motion. The Debtor's amended adversary proceeding complaint only alleges that the IRS's liens do not attach to the subject real estate because it is held in the name of the Trust. As to the IRS, the Debtor's amended complaint does not allege that the IRS's liens are wholly unsecured.

In addition, the language at page 4 of the Plan referenced above only addresses claims with respect to the Home, and does not address claims secured by the Bristol Parcel or the Glengarry Parcels. *See* Plan, p. 4. To the extent that the Plan treats the IRS's secured claim as wholly unsecured as to either of those parcels of real estate, a Rule 3012 motion must be filed for a valuation hearing if there is a question about the value of the Debtor's collateral.

### C. The Debtor's Pending Adversary Proceeding Must be Resolved Before the Plan Can be Confirmed.

As stated above, the Debtor has a pending adversary proceeding involving several secured creditors, among them the United States. Specifically with respect to the United States, the Debtor alleges only that the IRS holds tax liens against the Debtor for unpaid income taxes, and that "[b]ecause the tax liens are against the Debtor they did not attach to the assets in the Trust and in particular the Real Estate." Amended Adversary Proceeding Complaint [AP Docket No. 5, at p. 6.] Because this issue remains unresolved, and valuation appears to be disputed, the Plan cannot be confirmed.

### D. The Debtor's Plan Was Not Filed in Good Faith.

The Debtor's Plan was not filed in good faith, which is a requirement of Chapter 11 plan confirmation. 11 U.S.C. § 1129(a)(3). The Debtor through his adversary proceeding is seeking to void the IRS's liens on the Home and other property held by the Trust under the theory that they do not attach to property held by the Trust. However, his Plan proposes to transfer title to himself and his wife free and clear of liens except for the county property tax lien and Bank of

6

America's mortgage. Plan, at p. 5. The two positions are contradictory, self-serving, and evidence that the Debtor did not file his Plan in good faith, as he is attempting to keep his multi-million dollar Home for himself, strip off most of the liens on the Home, and pay general unsecured creditors only 10-12% on their claims.

## CONCLUSION

For all of the reasons set forth above, confirmation of the Plan should be denied.

DATED: August 1, 2018

                                        RICHARD E. ZUCKERMAN
                                        Principal Deputy Assistant Attorney General
                                        Tax Division, U.S. Department of Justice

                                        */s/ Philip Leonard Bednar*
                                        PHILIP LEONARD BEDNAR
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 55
                                        Washington, D.C. 20044
                                        202-307-6415 (v)
                                        202-514-5238 (f)
                                        Philip.L.Bednar@usdoj.gov
                                        WA State Bar No. 41304
                                        Counsel for Creditor United States of
                                        America

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2018, I electronically filed the foregoing Creditor United States of America's Objection to Plan Confirmation with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

- Todd A. Atkinson tatkinson@ulmer.com
- Bryan J. Farkas bjfarkas@vorys.com, caujczo@vorys.com, mdwalkuski@vorys.com
- Scott D. Fink ecfndoh@weltman.com
- Stephen R. Franks amps@manleydeas.com
- Bryan T. Kostura bkostura@mcglinchey.com, hhines@mcglinchey.com, jlucas@mcglinchey.com
- Allison Manayan amanayan@portageco.com
- Michael J. Occhionero mjocolpa@sbcglobal.net
- James W. Sandy jsandy@mcglinchey.com, hhines@mcglinchey.com
- Richard P. Schroeter rschroeter@amer-collect.com, sallman@amer-collect.com, HouliECF@aol.com, jvaughan@amer-collect.com
- Frederic P. Schwieg fschwieg@schwieglaw.com
- David J. Sternberg djsternberg@ameritech.net
- Joshua Ryan Vaughan jvaughan@amer-collect.com, sallman@amer-collect.com,
- Steven L. Wasserman swasserman@westonhurd.com, specek@westonhurd.com
- Maria D. Giannirakis maria.d.giannirakis@usdoj.gov

*/s/ Philip L. Bednar*

PHILIP L. BEDNAR
Trial Attorney
United States Department of Justice, Tax Division