IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE LOUIS TELERICO
    *Debtor*

CASE NO. 17-50236
JUDGE ALAN M KOSCHIK
CHAPTER 11

**RESPONSE OF LOUIS TELERICO TO MOTION OF THE UNITED STATES TRUSTEE TO CONVERT CASE TO A CASE UNDER CHAPTER 7 OR, IN THE ALTERNATIVE, TO DISMISS CASE AND TO THE OBJECTION OF THE UNITED STATES TRUSTEE TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION**

    Louis A. Telerico, the debtor and debtor in possession in the within bankruptcy case ("Debtor"), responds to the Motion of the United States Trustee to Convert Case to a Case Under Chapter 7 or, in the Alternative, to Dismiss Case [Doc. 125] ("Motion") and to the Objection of the United States Trustee to Confirmation of Debtor's Plan of Reorganization [Doc. 131] ("Objection") which objects to the confirmation of the Plan of Reorganization Version 1.3 of the Debtor [Doc.114] ("Plan") filed by Daniel M. McDermott, United States Trustee for Region 9 ("UST"). The Motion and the Objection raise the same issues so a joint response is appropriate.

**BACKGROUND**

1. Debtor is the Trustee of the Louis A. Telerico 2010 Amended and Restated Revocable Trust Indenture dated February 1, 2010 (hereinafter referred to along with the predecessor trusts described below as the "Trust"). The Trust amended and restated the Debtor's 2007 Amended and Restated Revocable Trust dated April 30, 2007, which itself amended and restated the Debtor's Elaine J. Telerico Revocable Trust dated November 4, 1992. Under the 2010 Trust indenture all property of the prior trusts became property of the Trust.

2. Among the assets titled in the Trust is a house and approximately 2 acres of land at 545 Bristol Dr., Aurora Ohio, identified by permanent parcel number 03-016-00-00-173-003 and used by the Debtor as his residence ("Home"), and three adjacent parcels of land one at 132 Bristol Drive, Aurora Ohio identified by permanent parcel number 03-016-00-00-177-000

("Bristol Parcel") and Lot 130-A, 130-R, and 133 Glengarry Drive, Aurora, Ohio 44202 and identified by permanent parcel numbers 03-016-00-00-173-001 and 03-016-00-00-173-002 (collectively the "Glengarry Parcels" and with the Bristol Parcel the "Parcels" and both collectively with the Home, the "Real Estate").

3. The Home has an appraised value of $4,000,000.00 and the Parcels have an appraised value collectively of $473,000.

4. Brad Cromes, Treasurer for Portage County Ohio ("Portage County Treasurer") has a real estate tax lien against the Home in the amount of $424,793.37 that is a first priority lien against the Home, a real estate tax lien against the Glengarry Parcels in the amount of $10,911.33 and $13,065.02 that is a first priority lien against them, and a real estate tax lien against the Bristol Parcel in the amount of $4,051.89 that is a first priority lien against it.

5. On or about July 25, 2001 the Debtor executed a promissory note payable to Bank of America NA ("BOA") in the principal amount of $3,000,000.00 ("BOA Note"). To secure repayment of the Note on or about the same date the Trust as mortgagor gave to BOA a mortgage interest in the House that is a second priority lien against it ("BOA Mortgage"). The proceeds of the BOA Note and Mortgage were used to construct the Home, and it was originally intended that once construction was complete the BOA Note would be converted to a term loan.

6. BOA filed proof of claim no. 11 in the Debtor's bankruptcy case asserting that $3,732,925.43 was owed on the BOA Note.

7. On or about December 4, 2009 the Debtor executed a promissory note payable to Stifel Nicolaus & Co. in the principal amount of up to $400,000.00 ("Stifel Note"). To secure repayment of the Stifel Note on or about the same date the Trust as mortgagor gave to Stifel a

deed of trust granting it a mortgage interest in the Real Estate that is a second priority lien against the Parcels although a third priority mortgage against the House ("Stifel Mortgage").

8. On June 14, 2017, Stifel filed two proofs of claim: (i) a secured claim (the "*Secured Claim*") in the amount of $430,414.61 for amounts outstanding on the Stifel Note and Mortgage, as more fully described in proof of claim number 20 and related exhibits; and (ii) an unsecured claim (the "*Unsecured Claim*" and, together with the Secured Claim, the "Stifel Claims") in the amount of $125,156.75 for amounts outstanding on a promissory note and related advanced tax payments as more fully described in proof of claim number 21 and related exhibits.

9. On July 27, 2011, the IRS recorded a Notice of Federal Tax Lien ("NFTL") regarding the Debtor's 2009 federal income tax liability with the Portage County Recorder.

10. On or about August 23, 2011 BOA filed a foreclosure proceeding against the Debtor in the Portage County Court of Common Pleas styled *Bank of America Nat'l Banking Assoc. v. Louis A. Telerico, et al.*, Case No. 2011-CV-1105 ("Foreclosure Action") seeking to foreclose on the BOA Mortgage against the Home.

11. On April 2, 2012, the IRS recorded an NFTL regarding the Debtor's 2010 federal income tax liability, with the Portage County Recorder (with the other IRS tax lien filing the "IRS Tax Liens").

12. On August 23, 2012 ODOT filed its judgment lien with the Portage County Recorder ("ODOT Tax Lien" and with the IRS Tax Liens the "Tax Liens").[1]

13. Debtor filed this Bankruptcy Case on February 4, 2017 and has continued to operate as Debtor in Possession since that date. No committee of unsecured creditors has been established in this case.

---

[1] There is an earlier judgement lien to ODOT filed in 2009, but as the ODOT POC only seeks taxes for the 2009 tax year the Debtor believes the earlier tax lien was satisfied in full.

14. On March 30, 2017 ODOT filed proof of claim number 10 ("ODOT POC"). In the ODOT POC ODOT alleges that it has a secured claim of $73,076.71 all of which is for income taxes due in tax year 2010, a priority claim of $3,515 which consists of Corporate Activity Taxes for 2013 and 2015, and a general unsecured claim of $3,095.68.

15. On October 17, 2017 the IRS filed an amended proof of claim number 7 ("IRS POC"). In the IRS POC the IRS alleges that it is owed $448,817.10 as a secured claim for unpaid income taxes for tax years 2010 and 2011, and a general unsecured claim.

16. On January 25, 2018 the Debtor file an adversary proceeding *Louis A. Telerico, Debtor-in-Possession v. Portage County Treasurer et al.* Adv. No. 18-5008 ("Adversary"). In the Adversary the Debtor seeks to determine the extent, validity and priority of various liens interests in the Real Estate, including the Tax Liens.

17. On June 12, 2018 the Debtor filed his Plan and his Disclosure Statement Version 1.3 for Louis A. Telerico ("Disclosure Statement").

18. On June 22, 2018 this Court entered its order approving the Disclosure Statement.

## ARGUMENT

19. First UST does not rely on any specific reason set forth in 11 U.S.C. §1112(b)(4) to justify conversion of this case to Chapter 7. While that list is not exhaustive, nevertheless the fact that the UST cannot point to one of those conditions reveals that this is not a standard case for conversion.

20. Instead in both the Motion and the Objection the UST argues that the Plan is not filed in good faith. The term "good faith" means "that there exists a reasonable likelihood that the Plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code." *In re Madison Hotel Assocs.* 749 F.2d 410, 415 (7th Cir. 1984). The case cited by the UST, *In re: Trenton Ridge Investors, LLC*, 461 B.R. 440, 455 (Bankr. S.D. OH 2011), further provides:

> "Two primary purposes of chapter 11 relief are the preservation of businesses as going concerns, and the maximization of the assets recoverable to satisfy unsecured claims." *Fields Station LLC v. Capitol Food Corp. of Fields Corner (In re Capitol Food Corp. of Fields Corner),* 490 F.3d 21, 25 (1st Cir.2007); *Bonner Mall,* 2 F.3d at 916 ("[W]hile the protection of creditors' interests is an important purpose under Chapter 11, the Supreme Court has made clear that successful debtor reorganization and maximization of the value of the estate are the primary purposes.") (citing *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 527, 104 S. Ct. 1188, 79 L. Ed. 2d 482 (1984) and *Toibb v. Radloff,* 501 U.S. 157, 164, 111 S. Ct. 2197, 115 L. Ed. 2d 145 (1991) (footnote omitted)).

21. The UST argues that because the Debtor is paying to maintain his Home at substantial expense this is evidence of bad faith. On the contrary is in fact evidence that the Debtor's complying with the Bankruptcy Code. In order to retain the Home he is making substantial payments to the real estate taxes and to BOA on its Mortgage, both of which are claims senior in priority to the other creditors of this estate. Both the Debtor and his non-filing spouse all of their income in order to make the required payments to maintain the Home and to pay down these prior secured claims.

22. The Plan reflects the realities of the claims in this case. The UST seems to believe that instead the Debtor should abandon the Home and let BOA suffer a loss. The UST is choosing between classes of creditors and ignoring the priorities that BOA and the Portage County Treasurer are entitled to under state law. The Plan does not "fail to employ fundamental fairness" in recognizing the existing priorities of claims. The fact that the Plan first seeks to pay the amounts due on the Home is not evidence of bad faith, but in fact is evidence of the Debtor's good faith in proposing his Plan. Therefore the Debtor's Plan that is consistent with the "objectives and purposes of the Bankruptcy Code," and is filed in good faith.

23. The alternative of conversion will produce far less for creditors, in particular BOA. The Plan maximizes returns to creditors and is consistent with the purposes of Chapter 11. It is therefore not filed in bad faith.

THEREFORE, the Debtor respectfully requests that this Court enter an order denying the Motion of the United States Trustee to Convert Case to a Case Under Chapter 7 or, in the Alternative, to Dismiss Case and overruling the Objection of the United States Trustee to Confirmation of Debtor's Plan of Reorganization and enter an order confirming the Plan.

Respectfully submitted,
s/ Frederic P. Schwieg
Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
2705 Gibson Dr
Rocky River, Ohio 44116
(440) 499-4506
Fax (440) 398-0490
fschwieg@schwieglaw.com
Attorney for Debtor

### CERTIFICATE OF SERVICE

A copy of this Response was served on the following on the date filed by Notice of Electronic Filing though the Court's ECF/CM system. (THE UST does not appear on the court's system but does receive all filings in all bankruptcy cases)

Todd A. Atkinson on behalf of Defendant Stifel Nicolaus & Company, Inc.
tatkinson@ulmer.com

Todd A. Atkinson on behalf of Interested Party Stifel Nicolaus & Company, Inc.
tatkinson@ulmer.com

Philip Leonard Bednar on behalf of Creditor United States of America
philip.l.bednar@usdoj.gov, northern.taxcivil@usdoj.gov

Philip Leonard Bednar on behalf of Defendant Internal Revenue Service
philip.l.bednar@usdoj.gov, northern.taxcivil@usdoj.gov

Bryan J. Farkas on behalf of Creditor James Mirgliotta
bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com

Bryan J. Farkas on behalf of Defendant James Mirgliotta
bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com

Scott D. Fink on behalf of Creditor Park View Federal Savings Bank
ecfndoh@weltman.com

Scott D. Fink on behalf of Defendant Dennis Gehrisch
ecfndoh@weltman.com

Scott D. Fink on behalf of Defendant Robert Ranallo
ecfndoh@weltman.com

Stephen R. Franks on behalf of Creditor Bank of America NA

amps@manleydeas.com

Stephen R. Franks on behalf of Defendant Bank of America
amps@manleydeas.com

Bryan T. Kostura on behalf of Defendant Bank of America
bkostura@mcglinchey.com, hhines@mcglinchey.com;jlucas@mcglinchey.com

Allison Manayan on behalf of Creditor Portage County Treasurer
amanayan@portageco.com

Allison Manayan on behalf of Defendant Portage County Treasurer
amanayan@portageco.com

Michael J. Occhionero on behalf of Creditor First National Bank fka Park View Federal Savings Bank
mjocolpa@sbcglobal.net

Michael J. Occhionero on behalf of Defendant First National Bank
mjocolpa@sbcglobal.net

James W. Sandy on behalf of Defendant Bank of America
jsandy@mcglinchey.com, hhines@mcglinchey.com

Richard P. Schroeter, Jr on behalf of Creditor Ohio Bureau of Workers'Compensation
rschroeter@amer-collect.com, sallman@amer-collect.com;HouliECF@aol.com;jvaughan@amer-collect.com

Richard P. Schroeter, Jr on behalf of Creditor Ohio Department Of Job & Family Services
rschroeter@amer-collect.com, sallman@amer-collect.com;HouliECF@aol.com;jvaughan@amer-collect.com

Richard P. Schroeter, Jr on behalf of Creditor Ohio Department of Taxation
rschroeter@amer-collect.com, sallman@amer-collect.com;HouliECF@aol.com;jvaughan@amer-collect.com

Richard P. Schroeter, Jr on behalf of Defendant Ohio Department of Taxation
rschroeter@amer-collect.com, sallman@amer-collect.com;HouliECF@aol.com;jvaughan@amer-collect.com

Frederic P. Schwieg on behalf of Attorney Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Debtor Louis Anthony Telerico
fschwieg@schwieglaw.com

David J. Sternberg on behalf of Creditor Brian Zeid
djsternberg@ameritech.net

Joshua Ryan Vaughan on behalf of Creditor Ohio Department of Taxation
jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;rschroeter@amer-collect.com;HouliECF@aol.com

Steven L. Wasserman on behalf of Creditor Dollar Bank, FSB
swasserman@westonhurd.com, specek@westonhurd.com

Steven L. Wasserman on behalf of Defendant Dollar Bank
swasserman@westonhurd.com, specek@westonhurd.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
Scott.R.Belhorn@usdoj.gov

/s/ Fred Schwieg
Frederic P. Schwieg