IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-50236 |
| | ) | Chapter 11 |
| LOUIS ANTHONY TELERICO, | ) | Judge Alan M. Koschik |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CREDITOR UNITED STATES OF AMERICA'S OPPOSITION TO DEBTOR'S MOTION FOR AUTHORITY TO COMPROMISE CONTROVERSIES WITH STIFEL, NICOLAUS & COMPANY, INC.**

Creditor United States of America submits this opposition to the Debtor's Motion for Authority to Compromise Controversies with Stifel, Nicolaus & Company, Inc. ("Stifel") [Docket No. 147] ("Motion"). The sole basis for the United States' opposition is the proposed preservation of the "avoided" Stifel liens on the subject real properties pursuant to 11 U.S.C. § 551 "for the benefit of the Debtor's estate." In substance, the proposed settlement is simply an adjustment to the amount owed by the Debtor, not the lien. The proposed adjustment to the amount of Stifel's secured claim is not a "transfer avoided," as contemplated by Section 551 (which references the avoidance provisions of Sections 544, 547, and 548, among others). Nor is any portion of Stifel's deed of trust void under Section 506(d) because there is no "claim against the debtor that is not an allowed secured claim." Under the proposed settlement, Stifel's adjusted claim amount is the same as its "allowed secured claim," so there is no portion of Stifel's deed of trust that would be void under Section 506(d) and preserved for the estate under Section 551. If the proposed settlement is approved, the United States, as a perfected secured creditor behind Stifel with respect to the subject real properties, may be deprived of equity in those properties to which it is entitled if the settlement is mischaracterized. Therefore, the

Motion should be denied or the settlement should be approved but properly characterized as one not involving the avoidance of any lien, and the proceeds should be distributed to the United States after the $125,000 is distributed to Stifel.

## BACKGROUND FACTS

### A. The Debtor's Bankruptcy Case and IRS's Proof of Claim

The Debtor filed a petition for Chapter 11 bankruptcy relief on February 5, 2017. In his schedules, the Debtor stated that he has assets with a value of $12,964,088.00, comprised of $11,916,000.00 in real property and $1,048,088.00 in personal property. *See* Docket No. 15, p. 1. The Debtor also stated that he has only $4,212,499.00 in liabilities to holders of secured claims. *See* Docket No. 15, p. 1. The IRS is listed as a holder of an undisputed, oversecured claim in the amount of $400,000.00 with collateral valued at $10,966,000.00; the claim is not listed as contingent, unliquidated, or disputed. *See* Docket No. 15, p. 12; *see also* FRBP 3003(b)(1) (undisputed claims are prima facie valid).

Debtor's Schedule A lists three real properties: (1) Debtor's residence at 545 Bristol Drive, Aurora, Ohio ("Home") with a value of $10,966,000.00, (2) one parcel of vacant land located next to the Home (the "Bristol Parcel") with a value of $275,000.00, and (3) two parcels of vacant land located next to the Home (the "Glengarry Parcels") with a value of $675,000.00. *See* Docket No. 15, at pp. 3-4. According to the Debtor's Schedule A, record title to all three properties is in the name of the Louis A. Telerico Amended and Restated Revocable Trust (the "Trust"). *See* Docket No. 15, at pp. 3-4. Although the Debtor states he is the "Trustee" of the Trust, he is treating the three properties as belonging to him personally and as property of the estate.

On October 25, 2017, the IRS filed an amended proof of claim in the amount of $498,750.74, which asserts a secured claim in the amount of $448,817.10 for 2009 and 2010 federal income taxes, and a general unsecured claim in the amount of $49,933.64 for 2009 federal income taxes. [Claims Register, Claim No. 7-2.] The Debtor has not objected to the IRS's proof of claim, and the proof of claim is "deemed allowed" as filed in accordance with 11 U.S.C § 502(a).

Notices of the IRS's federal tax liens were filed with the Recorder of Portage County in accordance with 26 U.S.C. § 6323(f) and Baldwin's Ohio Revised Code Annotated, Title 3, § 317.09. On July 27, 2011, the IRS recorded a Notice of Federal Tax Lien ("NFTL") regarding the Debtor's 2009 federal income tax liability, with the Portage County Recorder. On April 2, 2012, the IRS recorded an NFTL regarding the Debtor's 2010 federal income tax liability, with the Portage County Recorder.

### B. Stifel's Proof of Claim

On June 14, 2017, Stifel filed a proof of claim in the amount of $430,414.61 which asserts a secured claim in this amount. [Claims Register, Claim No. 20-1.] Included with the proof of claim is a copy of Stifel's deed of trust recorded on January 25, 2010, which purports to secure a $400,000 promissory note from the Debtor to Stifel dated January 8, 2010. Through the deed of trust, Stifel obtained a secured interest in the Home, the Bristol Parcels, and the Glengarry Parcels.[1]

---

[1] In this case, Stifel also filed another proof of claim asserting an unrelated general unsecured claim in the amount of $125,156.75. [Claims Register No. 19-1.]

3

### C. Pending Adversary Proceeding

The Debtor is currently the Plaintiff in an adversary proceeding (AP No. 18-5008) against the United States and several other secured creditors with respect to the real properties described above. With respect to the United States, the Debtor alleges only that the IRS holds tax liens against the Debtor for unpaid income taxes, and that "[b]ecause the tax liens are against the Debtor they did not attach to the assets in the Trust and in particular the Real Estate." Amended Adversary Proceeding Complaint [AP Docket No. 5], at p. 6. The United States disagrees with the Debtor's position, and the Debtor's position in the adversary proceeding is inconsistent with his schedules.

With respect to Stifel, the Debtor alleges that "[t]he Stifel Note and Mortgage were in fact transactions to disguise an advance of commissions to the Debtor that he would earn as a broker for Stifel." Amended Adversary Proceeding Complaint [AP Docket No. 5], at p. 6. The Debtor further alleges that "[i]n 2013 the Debtor commenced an arbitration proceeding against Stifel and others with the Financial Industry Regulatory Authority (FINRA) alleging fraud and breach of contract among other things, and asserting that his claims exceeded the amount due on the Stifel Note." *Id.* The Debtor also alleges that "[t]he Stifel Note and Mortgage are therefore not valid claims against the estate or the Real Estate." *Id.* Stifel's motion to dismiss the Plaintiff's Complaint is currently pending before the Court.

### D. Settlement Motion

On September 5, 2018, the Debtor filed the Motion, which proposes terms of settlement with Stifel regarding its secured claim and its deed of trust. Under the proposed settlement,

4

17-50236-amk    Doc 161    FILED 09/26/18    ENTERED 09/26/18 14:47:25    Page 4 of 10

Stifel would receive $125,000 from the sale of the Bristol Parcel and the Glengarry Parcels.[2] In exchange for such payment, "Stifel's lien on Parcels shall be avoided pursuant to 11 U.S.C. §§ 506(d), 544, and 551 for the benefit of the Debtor's estate." Motion, at p. 11. Furthermore, "Stifel's lien on the Home is hereby avoided pursuant to 11 U.S.C. § § 506(d), 544 and 551 for the benefit of the Debtor's estate." *Id.*

## ARGUMENT

### A. Factors Considered in Evaluating a Proposed Bankruptcy Settlement.

Courts consider the following factors when evaluating a proposed compromise under Federal Rule of Bankruptcy Procedure ("FRBP") 9019: (1) probability of success in litigation, (2) difficulties, if any, to be encountered in collection, (3) complexity of litigation involved, and the expense, inconvenience and delay necessarily attending it, and (4) paramount interest of creditors and a proper deference to their reasonable views in the premises. *In re Bard*, 49 F. App'x 528, 530, 2002 WL 31371984 (6th Cir. Oct. 15, 2002). The last factor (paramount interest of creditors) is not satisfied here, as will be explained.

### B. The Adjustment to Stifel's Secured Claim Amount Is Not a "Transfer Avoided" for Purposes of Section 551.

The proposed settlement, if approved, would adjust Stifel's secured claim amount downward from $430,414.61 to $125,000. As will be explained, this adjustment is not an avoidance of its deed of trust that would be preserved for the estate under Section 551.

Section 551 states as follows:

> Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate.

---

[2] Concurrent with this Motion, the Debtor filed a motion to sell one of the Glengarry Parcels for $75,000 [Docket No. 151] ("Sale Motion").

11 U.S.C. § 551.

Section 551 "does not confer on a trustee any greater rights than were held by the secured creditor prior to the avoidance." *In re Haven, Inc.*, 326 B.R. 901, 2005 WL 927666, at *5 (6th Cir. B.A.P. Apr. 7, 2005). In other words, "[preservation] simply puts the estate in the shoes of the creditor whose lien is avoided. It does nothing to enhance (or detract from) the rights of that creditor viz-a-viz other creditors." *In re Carvell*, 222 B.R. 178, 180 (1st Cir. B.A.P. 1998).

In those cases where the trustee has avoided an unperfected security interest under the strong-arm powers of Section 544, the trustee "steps into the shoes of the creditor and so holds an unperfected security interest, which is subordinate to later, perfected security interests." *See, e.g.*, *In re Haven*, 2005 WL 927666, at *5; *Carvell*, 222 B.R. at 180; *In re Appalachian Energy Indus., Inc.*, 25 B.R. 515, 517-18 (M.D. Tenn. 1982).[3]

However, in cases where the trustee has avoided a preferential transfer (Section 547) or a fraudulent transfer (Section 548), the trustee may hold an interest superior to perfected liens which are junior to the avoided lien. *See, e.g.*, *In re Van De Kamp's Dutch Bakeries*, 908 F.2d 517, 518-20 (9th Cir. 1990). *See also Carvell*, 222 B.R. at 180 ("In that situation, without preservation of the avoided lien, avoidance benefits only the junior lienors. That would be a windfall for them because it gives them a benefit they could not obtain outside of bankruptcy.").

---

[3] To the extent that the Debtor is arguing that Section 544 applies to impose a marshaling requirement (both the United States and Stifel are secured as to the Home, the Bristol Parcel, and the Glengarry Parcels, but the United States is secured as to all of the Debtor's personal property, and Stifel is not), the Court should reject this argument. Several courts have ruled against marshaling proposals by debtors, trustees, and/or creditors' committees that would disadvantage junior secured creditors for the benefit of unsecured creditors. *See, e.g.*, *In re Shepler*, 2014 WL 3700806, at *3 (Bankr. N.D. Ohio July 24, 2014); *In re Borges*, 184 B.R. 874, 880-83 (Bankr. D. Conn. 1995); *In re Gibson Group, Inc.*, 151 B.R. 133, 134-35 (Bankr. S.D. Ohio 1993); *In re Dig It, Inc.*, 129 B.R. 65, 67 (Bankr. D.S.C. 1991).

Here, the proposed settlement would simply result in a downward adjustment to Stifel's claim, from $430,414.61 to $125,000. There is no actual "transfer avoided" pursuant to Sections 522, 544, 545, 547, 548, or 549 of the Bankruptcy Code, as required by Section 551. Stifel's revised secured claim of $125,000 based upon the net amount due under a contract would be paid through the sale of the Bristol Parcel and the Glengarry Parcels, which, at the time of payment in full, would result in a reconveyance of the deed of trust to the Debtor consistent with any other payment in full to a secured creditor. Nowhere has the Debtor alleged that Debtor's granting of a deed of trust was a preferential transfer or fraudulent transfer, or otherwise falls within the scope of a "transfer avoided under section 522, 544, 545, 547, 548, [or] 549" of the Bankruptcy Code. The Debtor's issue with Stifel's deed of trust is that the corresponding liability on the promissory note is too high under the governing contract. Through the proposed settlement, if approved, the Debtor-in-Possession would have no greater rights under the contract than that of Stifel, which would be the holder of a secured claim for $125,000. Therefore, the United States, as the secured creditor next in line behind Stifel with respect to the Bristol Parcels and the Glengarry Parcels, is entitled to the remaining net proceeds from these properties, after Stifel is paid its $125,000.

### C. No Portion of Stifel's Deed of Trust Is Void Under Section 506(d).

As stated above, Section 551 of the Bankruptcy Code preserves for the benefit of the estate "any lien void under section 506(d)." 11 U.S.C. § 551. Section 506(d) states that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."[4] 11 U.S.C. § 506(d).

---

[4] The enumerated exceptions to Section 506(d) do not apply here.

Here, under the proposed settlement, Stifel's deed of trust would secure its revised claim of $125,000, which would also be an allowed secured claim. Stifel would have no other claim secured by its deed of trust other than its allowed secured claim for $125,000. Thus, no portion of Stifel's deed of trust would be void under Section 506(d). And as a result, there is no void lien that is preserved for the benefit of the estate under Section 551.

Section 506(d) mainly arises when the debtor seeks to avoid a lien to the extent that the secured creditor's claim is partially or wholly unsecured. In *Dewsnup v. Timm*, the United States Supreme Court held that Section 506(d) did not permit a Chapter 7 debtor to "strip down" the lien of a creditor whose claim was partially secured and partially unsecured (under Section 506(a) based on the value of its collateral) because the creditor's claim "is secured by a lien and has been fully allowed pursuant to § 502." *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992). The Supreme Court determined that Section 506(d) "should be read term-by-term to refer to any claim that is, first, allowed, and second, secured." *Id.* at 415. Therefore, Section 506(d) serves the function of "voiding a lien whenever a claim secured by the lien itself has not been allowed." *Id.* at 416.[5]

Here, applying the *Dewsnup* reading of Section 506(d), we first determine that, under the proposed settlement, Stifel's claim would be allowed in the amount of $125,000. There is no other claim of Stifel that is being allowed or disallowed, with respect to the deed of trust. Simply put, there is one Stifel claim secured by the deed of trust, and it would be allowed in the amount of $125,000. Because there is no "claim against the debtor that is not an allowed secured claim,"

---

[5] In *Bank of America, N.A., v. Caulkett*, the Supreme Court applied the statutory interpretation from *Dewsnup* to hold that a Chapter 7 debtor could not "strip off" a junior mortgage lien under Section 506(d) that is wholly unsecured. *Bank of America, N.A., v. Caulkett*, 135 S. Ct. 1995, 2001 (2015).

there is no portion of Stifel's deed of trust to void under Section 506(d). Thus, there is no void lien preserved for the benefit of the estate under Section 551.

## CONCLUSION

For all of the reasons set forth above, the Motion should be denied. Otherwise, the United States, as a perfected secured creditor behind Stifel with respect to the subject real properties, will be deprived of equity in those properties to which it is entitled. In the alternative, the Court should approve of the settlement but rule (1) that there is no transfer avoided and therefore, no lien is preserved for the benefit of the estate under 11 U.S.C. § 551, and (2) that the proceeds of sale, after the payment of any reasonable costs of sale and a distribution of $125,000.00 to Stifel, be distributed to the United States towards its secured claims.

DATED: September 26, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Philip Leonard Bednar*
PHILIP LEONARD BEDNAR
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-6415 (v)
202-514-5238 (f)
Philip.L.Bednar@usdoj.gov
WA State Bar No. 41304
Counsel for Creditor United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of September, 2018, I electronically filed the foregoing Creditor United States of America's Opposition to Debtor's Motion for Authority to Compromise Controversies with Stifel, Nicolaus & Company, Inc., with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

- Todd A. Atkinson tatkinson@ulmer.com
- Bryan J. Farkas bjfarkas@vorys.com, caujczo@vorys.com, mdwalkuski@vorys.com
- Scott D. Fink ecfndoh@weltman.com
- Stephen R. Franks amps@manleydeas.com
- Bryan T. Kostura bkostura@mcglinchey.com, hhines@mcglinchey.com, jlucas@mcglinchey.com
- Allison Manayan amanayan@portageco.com
- Michael J. Occhionero mjocolpa@sbcglobal.net
- James W. Sandy jsandy@mcglinchey.com, hhines@mcglinchey.com
- Richard P. Schroeter rschroeter@amer-collect.com, sallman@amer-collect.com, HouliECF@aol.com, jvaughan@amer-collect.com
- Frederic P. Schwieg fschwieg@schwieglaw.com
- David J. Sternberg djsternberg@ameritech.net
- Joshua Ryan Vaughan jvaughan@amer-collect.com, sallman@amer-collect.com,
- Steven L. Wasserman swasserman@westonhurd.com, specek@westonhurd.com
- Maria D. Giannirakis maria.d.giannirakis@usdoj.gov

                */s/ Philip L. Bednar*

                PHILIP L. BEDNAR
                Trial Attorney
                United States Department of Justice, Tax Division