IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-50236 |
| | ) | Chapter 11 |
| LOUIS ANTHONY TELERICO, | ) | Judge Alan M. Koschik |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CREDITOR UNITED STATES OF AMERICA'S OPPOSITION TO DEBTOR'S AMENDED MOTION FOR AUTHORITY TO COMPROMISE CONTROVERSIES WITH STIFEL, NICOLAUS & COMPANY, INC.**

Creditor United States of America submits this opposition to the Debtor's Amended Motion for Authority to Compromise Controversies with Stifel, Nicolaus & Company, Inc. ("Stifel") [Docket No. 171] ("Amended Motion"). As with the original Motion [Docket No. 147], the sole basis for the United States' opposition is the proposed "avoidance" of Stifel's liens on the subject real properties. The primary revisions made to the Motion are that (1) the proposed "avoidance" no longer purports to be under 11 U.S.C. § 551 "for the benefit of the Debtor's estate," and (2) there is new language stating that "nothing in this [Amended] [M]otion or any order granting it will impair the rights of the Debtor, the bankruptcy estate, or any other party in interest to assert or oppose an interest in any property of the estate, which interests, if any, shall be determined by later order of this Court." Furthermore, the draft settlement agreement between the Debtor and Stifel, which is attached as an exhibit to the Amended Motion (and was not included with the original Motion), specifically refers to avoidance of Stifel's liens "under §§ 506, 507 and 544 of the Bankruptcy Code." When taking into account these changes, it is unclear whether the Debtor intends to assert that the Stifel liens are being avoided for the benefit of the estate, which was the basis of the United States' opposition to the original Motion.

It is also unclear when the Debtor would make this argument, as the additional language described above could permit the Debtor to raise the avoidance argument at some unspecified future time. The nature of any settlement, however, should be clarified before it is approved of by the Court. Here, as before, there is no bona fide avoidance action because the settlement involves the allowance of the claim of Stifel.

Therefore, the Amended Motion should be denied, or the settlement should be approved but properly characterized as one involving the "release" of Stifel's liens and not involving the avoidance of any lien, and the proceeds should be distributed to the United States after the $125,000 is distributed to Stifel.

## BACKGROUND FACTS

A.  **Original Settlement Motion**

On September 5, 2018, the Debtor filed the original Motion [Docket No. 147], which proposed terms of settlement with Stifel regarding its secured claim and its deed of trust. Under the original proposed settlement, Stifel would receive $125,000 from the sale of the Bristol Parcel and the Glengarry Parcels.[1] In exchange for such payment, "Stifel's lien on Parcels would be avoided pursuant to 11 U.S.C. §§ 506(d), 544, and 551 for the benefit of the Debtor's estate." Motion, at p. 11. Furthermore, "Stifel's lien on the Home is hereby avoided pursuant to 11 U.S.C. § § 506(d), 544 and 551 for the benefit of the Debtor's estate." *Id.*

The United States filed an opposition to the Motion [Docket No. 161], arguing that, in substance, the proposed settlement was simply an adjustment to the amount owed by the Debtor, not the lien, and that the proposed adjustment to Stifel's claim was not a "transfer avoided," as

---

[1] Concurrent with the original Motion, the Debtor filed a motion to sell one of the Glengarry Parcels for $75,000 [Docket No. 151] ("Sale Motion").

contemplated by Section 551 (which references the avoidance provisions of Sections 544, 547, and 548, among others).  The United States also argued that no portion of Stifel's deed of trust is void under Section 506(d) because there is no "claim against the debtor that is not an allowed secured claim."  The United States took the position that if the proposed settlement was approved, the United States, as a perfected secured creditor behind Stifel with respect to the subject real properties, may be deprived of equity in those properties to which it is entitled if the settlement is mischaracterized.

At the October 3, 2018, hearing on the original Motion, the Court agreed with the United States' interpretation of the proposed settlement and that Section 551 did not apply to "avoid" Stifel's liens.  The Court initially denied the Motion, then later in the hearing decided to simply continue the hearing on the Motion to November 7, 2018, where it will be heard along with several other matters pending in the main case and adversary proceeding.

### B. Amended Settlement Motion

On October 25, 2018, the Debtor filed the Amended Motion.  The primary revisions made to the Motion are that (1) the proposed "avoidance" no longer purports to be under 11 U.S.C. § 551 "for the benefit of the Debtor's estate" (*see* p. 4), and (2) there is new language stating that "nothing in this [Amended] [M]otion or any order granting it will impair the rights of the Debtor, the bankruptcy estate, or any other party in interest to assert or oppose an interest in any property of the estate, which interests, if any, shall be determined by later order of this Court" (*see* p. 5).  Furthermore, the draft settlement agreement between the Debtor and Stifel, which is attached as an exhibit to the Amended Motion (and was not included with the original Motion), specifically refers to avoidance of Stifel's liens "under §§ 506, 507 and 544 of the Bankruptcy Code."  *See* Exhibit A to Amended Motion, at ¶¶ 6, 7.  Although the proposed order

3

approving the settlement as amended (which was not included with the original Motion) refers only to "avoidance" of Stifel's liens (see p. 5), the proposed order states that "[t]he proposed compromise with Stifel as described in the proposed settlement agreement attached as Exhibit A is APPROVED" (*see* p. 5).

## ARGUMENT

### A.   The Amended Motion Still Mischaracterizes the Settlement as "Avoiding" Stifel's Liens.

Under the Amended Motion, the proposed "avoidance" no longer purports to be under 11 U.S.C. § 551 "for the benefit of the Debtor's estate." However, the Amended Motion still refers to "avoidance" of the Stifel liens, instead of simply characterizing it as a lien release. And there is new language stating that "nothing in this [Amended] [M]otion or any order granting it will impair the rights of the Debtor, the bankruptcy estate, or any other party in interest to assert or oppose an interest in any property of the estate, which interests, if any, shall be determined by later order of this Court." Furthermore, the draft settlement agreement between the Debtor and Stifel, which is attached as an exhibit to the Amended Motion (and was not included with the original Motion), specifically refers to avoidance of Stifel's liens "under §§ 506, 507 and 544 of the Bankruptcy Code." When taking into account these changes, it is unclear whether the Debtor intends to assert that the Stifel liens are being avoided for the benefit of the estate, which was the basis of the United States' successful opposition to the original Motion. It is also unclear when the Debtor would make this argument, as the additional language described above could permit the Debtor to raise the avoidance argument at some unspecified future time. Simply put, the term "avoided" is vague and may be open to later interpretation by the Debtor that it was intended to mean avoidance pursuant to Section 551. The term "release" creates fewer uncertainties in this regard.

4

Therefore, the Amended Motion should be denied, or the settlement should be approved but properly characterized as one involving the "release" of Stifel's liens and not involving the avoidance of any lien, and the proceeds should be distributed to the United States after the $125,000 is distributed to Stifel.

## CONCLUSION

For all of the reasons set forth above, the Amended Motion should be denied. In the alternative, the Court should approve of the settlement but rule (1) that there is no transfer avoided, and (2) that the proceeds of sale, after the payment of any reasonable costs of sale and a distribution of $125,000.00 to Stifel, be distributed to the United States towards its secured claims.

DATED: November 5, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Philip Leonard Bednar*
PHILIP LEONARD BEDNAR
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-6415 (v)
202-514-5238 (f)
Philip.L.Bednar@usdoj.gov
WA State Bar No. 41304
Counsel for Creditor United States of America

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November, 2018, I electronically filed the foregoing Creditor United States of America's Opposition to Debtor's Amended Motion for Authority to Compromise Controversies with Stifel, Nicolaus & Company, Inc., with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

- Todd A. Atkinson tatkinson@ulmer.com
- Bryan J. Farkas bjfarkas@vorys.com, caujczo@vorys.com, mdwalkuski@vorys.com
- Scott D. Fink ecfndoh@weltman.com
- Stephen R. Franks amps@manleydeas.com
- Bryan T. Kostura bkostura@mcglinchey.com, hhines@mcglinchey.com, jlucas@mcglinchey.com
- Allison Manayan amanayan@portageco.com
- Michael J. Occhionero mjocolpa@sbcglobal.net
- James W. Sandy jsandy@mcglinchey.com, hhines@mcglinchey.com
- Richard P. Schroeter rschroeter@amer-collect.com, sallman@amer-collect.com, HouliECF@aol.com, jvaughan@amer-collect.com
- Frederic P. Schwieg fschwieg@schwieglaw.com
- David J. Sternberg djsternberg@ameritech.net
- Joshua Ryan Vaughan jvaughan@amer-collect.com, sallman@amer-collect.com,
- Steven L. Wasserman swasserman@westonhurd.com, specek@westonhurd.com
- Maria D. Giannirakis maria.d.giannirakis@usdoj.gov

*/s/ Philip L. Bednar*

PHILIP L. BEDNAR
Trial Attorney
United States Department of Justice, Tax Division