**This document was signed electronically on December 6, 2018, which may be different from its entry on the record.**

**IT IS SO ORDERED.**

**Dated: December 6, 2018**



_____
**ALAN M. KOSCHIK**
**U.S. Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE LOUIS A. TELERICO<br>*Debtor* | CASE NO. 17-50236<br>CHAPTER 11<br>JUDGE ALAN M. KOSCHIK |

### AMENDED ORDER GRANTING MOTION OF LOUIS A. TELERICO DEBTOR AND DEBTOR IN POSSESSION TO SELL A PARCEL OF REAL ESTATE LOT 133 ON BRISTOL DRIVE FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

Before the Court is the Motion of Louis A. Telerico Debtor and Debtor in Possession ("Debtor")to Sell a Parcel of Real Estate Free and Clear of All Liens, Claims and Encumbrances [Doc. 172] ("Motion"). In the Motion Debtor moves the Court pursuant to 11 U.S.C. §363(f) for the sale of the estate's interest in a vacant parcel of real property located at 132 Bristol Drive, Aurora Ohio free and clear of all liens,claims and encumbrances. A hearing on the Motion having been held before the Court on November 20, 2018 at 10:30 AM and no party in interest having opposed the Motion the Court FINDS and ORDERS as follows:

### THE COURT FINDS:

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a "core" proceeding

pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).  The statutory predicate for the relief sought herein is §363(b) and (f) of the Bankruptcy Code.

2. The Motion and Notice of the Motion was certified as being duly served according to the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

3. On February 5, 2017 the Debtor filed this bankruptcy case.

4. The Debtor has continued in possession of his property and has continued to operate and manage his businesses as debtor-in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and the United States Trustee has indicated that no official creditor committee is being formed in this case.

5. Debtor is the Trustee of the Louis A. Telerico 2010 Amended and Restated Revocable Trust Indenture dated February 1, 2010 (hereinafter referred to along with the predecessor trusts described below as the "Trust").  The Trust amended and restated the Debtor's 2007 Amended and Restated Revocable Trust dated April 30, 2007, which itself amended and restated the Debtor's Elaine J. Telerico Revocable Trust dated November 4, 1992.  Under the 2010 Trust indenture all property of the prior trusts became property of the Trust.

6. Among the assets titled in the Trust is a house and approximately 2 acres of land at 545 Bristol Dr., Aurora Ohio, identified by permanent parcel number 03-016-00-00-173-003 and used by the Debtor as his residence ("Home"), and three adjacent or nearby parcels of land: Lot 133 on Bristol Drive, Aurora Ohio identified by permanent parcel number 03-016-00-00-177-000 ("Bristol Parcel"); Lot 130-A identified by permanent parcel number 03-016-00-00-173-001 and Lot-130-R identified by permanent parcel number 03-016-00-00-173-002 both on Glengarry

Drive, Aurora, Ohio 44202 (collectively the "Glengarry Parcels" and with the Bristol Parcel the "Parcels" and both collectively with the Home, the "Real Estate").

7. The Debtor is both the trustee and settlor of the Trust which is revocable at the Debtor's discretion. The Bristol Parcel is therefore property of this bankruptcy estate.

8. Brad Cromes, Treasurer for Portage County Ohio ("Portage County Treasurer") has a real estate tax lien against the Bristol Parcel in the amount of $4,051.89 that is a first priority lien against it.

9. On or about December 4, 2009 the Debtor executed a promissory note payable to Stifel, Nicolas & Company, Inc. ("Stifel") in the principal amount of up to $400,000.00 ("Stifel Note"). To secure repayment of the Note on or about the same date the Trust as mortgagor gave to Stifel a deed of trust granting it a mortgage interest in the Real Estate that is a second priority lien against the Parcels although a third priority mortgage against the House ("Stifel Mortgage").

10. On June 14, 2017, Stifel filed two proofs of claim: (i) a secured claim (the "Secured Claim") in the amount of $430,414.61 for amounts outstanding on the Stifel Note; secured and perfected by a deed of trust on the Real Estate, as more fully described in proof of claim number 20 and related exhibits; and (ii) an unsecured claim (the "Unsecured Claim" and, together with the Secured Claim, the "Stifel Claims") in the amount of $125,156.75 for amounts outstanding on a promissory note and related advanced tax payments as more fully described in proof of claim number 21 and related exhibits.

11. In a separate Motion of Louis A. Telerico Debtor and Debtor in Possession for Authority to Compromise Controversies with Stifel, Nicolas & Company, Inc. [Doc. 147] ("Compromise Motion") the Debtor requests that the Court approve as a compromise with Stifel for $125,000 as

described in the proposed settlement agreement attached to the Compromise Motion as Exhibit A.  The proposed compromise will be paid from the net proceeds of sale of the Parcels.

12. The Debtor seeks to sell the Bristol Parcel for $150,000.00 ("Gross Proceeds") on the terms and conditions set forth in the offer to purchase from Craig Novak ("Buyer") attached hereto as Exhibit A.

13. The Debtor also seeks authority to pay from the Gross Proceeds as part of the sale payment of all outstanding real estate taxes through the closing date due the Portage County Treasurer (the "Real Estate Taxes"), broker's commission, one half the escrow fee, one half of the realty transfer tax, one-half of the Owners Fee Title Policy in the amount of the purchase price, the title examination fee and any other customary closing costs (collectively the "Closing Costs" and the remaining sum being the "Net Proceeds"), and from the Net Proceeds an amount to Stifel necessary to satisfy any remaining balance due it under the Compromise Motion.

14. Buyer has no connection to the Debtor or the Debtor's wife Sharon Stephula.  The Buyer is purchasing the Bristol Parcel in good faith.

15. The only interest superior to the Stifel Mortgage in the Bristol Parcel is the lien for real estate taxes.

16. The Bristol Parcel has been listed for sale with a broker since May 2017.   The Portage County Auditor's 2017 market appraisal is $157,000, and his proposed fair market appraisal for the Bristol Parcel for 2018 is $189,000.00.  The Debtor had the Bristol Parcel appraised in 2017 and the value of the Bristol Parcel was $205,000, but recent sales of vacant parcels in Barrington have been in the $150,000 range the proposed sales price is therefore fair and reasonable for the Bristol Parcel.

17. Stifel as holder of the superior mortgage against the Bristol Parcel, consents to the sale free of its interest.

18. Many of the interests in the Bristol Parcel are in bona fide dispute. .

19. As the remaining interests are junior in priority to the Stifel Mortgage, the holder of any interest in the Bristol Parcel may be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

20. Therefore the Bristol Parcel may be sold free of any interest of any other entity.

### THE COURT ORDERS:

A. The Debtor is hereby authorized to sell the Bristol Parcel free and clear of any interest of any entity other than the estate;

B. The Debtor is hereby authorized to disburse from the Gross Sale Proceeds an amount sufficient to pay the Real Estate Taxes, the Closing Costs and any amount of the Net Proceeds to Stifel necessary to satisfy any remaining balance due it under the Compromise Motion.

C. All other interests in the Bristol Parcel are hereby transferred to the remaining Net Proceeds to be determined by a later order of this Court, in accordance with the respective rights and priorities of the holders of any interest in the Bristol Parcel, as such right appears and is entitled to be enforced against the Bristol Parcel, the Estate or the Debtor under the Bankruptcy Code or applicable non-bankruptcy law.

###

Prepared by,
/s/ Frederic P. Schwieg, Esq.
Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
2705 Gibson Dr
Rocky River, OH 44116
(440) 499-4506
Fax: (440) 398-0490
fschwieg@schwieglaw.com
Counsel for Louis A. Telerico Debtor and
Debtor in Possession

# SERVICE

A copy of this Order granting Motion to Sell was served on the following on the date filed by Notice of Electronic Filing or email.

The following is a list of the parties who are on the list to receive e-mail notice/service for this case:
**17-50236 Notice will be electronically mailed to the U.S. Trustee, and:**

Todd A. Atkinson on behalf of Defendant Stifel Nicolaus & Company, Inc.
tatkinson@ulmer.com

Todd A. Atkinson on behalf of Interested Party Stifel Nicolaus & Company, Inc.
tatkinson@ulmer.com

Philip Leonard Bednar on behalf of Creditor United States of America
philip.l.bednar@usdoj.gov, northern.taxcivil@usdoj.gov

Philip Leonard Bednar on behalf of Defendant Internal Revenue Service
philip.l.bednar@usdoj.gov, northern.taxcivil@usdoj.gov

Bryan J. Farkas on behalf of Creditor James Mirgliotta
bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com

Bryan J. Farkas on behalf of Defendant James Mirgliotta
bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com

Scott D. Fink on behalf of Creditor Park View Federal Savings Bank
ecfndoh@weltman.com

Scott D. Fink on behalf of Defendant Dennis Gehrisch
ecfndoh@weltman.com

Scott D. Fink on behalf of Defendant Robert Ranallo
ecfndoh@weltman.com

Stephen R. Franks on behalf of Creditor Bank of America NA
amps@manleydeas.com

Stephen R. Franks on behalf of Defendant Bank of America
amps@manleydeas.com

Bryan T. Kostura on behalf of Defendant Bank of America
bkostura@mcglinchey.com, hhines@mcglinchey.com;jlucas@mcglinchey.com

Allison Manayan on behalf of Creditor Portage County Treasurer
amanayan@portageco.com

Allison Manayan on behalf of Defendant Portage County Treasurer
amanayan@portageco.com

Michael J. Occhionero on behalf of Creditor First National Bank fka Park View Federal Savings Bank
mjocolpa@sbcglobal.net

Michael J. Occhionero on behalf of Defendant First National Bank
mjocolpa@sbcglobal.net

James W. Sandy on behalf of Defendant Bank of America
jsandy@mcglinchey.com, hhines@mcglinchey.com

Richard P. Schroeter, Jr on behalf of Creditor Ohio Bureau of Workers'Compensation
rschroeter@amer-collect.com, sallman@amer-collect.com;HouliECF@aol.com;jvaughan@amer-collect.com

Richard P. Schroeter, Jr on behalf of Creditor Ohio Department Of Job & Family Services
rschroeter@amer-collect.com, sallman@amer-collect.com;HouliECF@aol.com;jvaughan@amer-collect.com

Richard P. Schroeter, Jr on behalf of Creditor Ohio Department of Taxation
rschroeter@amer-collect.com, sallman@amer-collect.com;HouliECF@aol.com;jvaughan@amer-collect.com

Richard P. Schroeter, Jr on behalf of Defendant Ohio Department of Taxation
rschroeter@amer-collect.com, sallman@amer-collect.com;HouliECF@aol.com;jvaughan@amer-collect.com

Frederic P. Schwieg on behalf of Attorney Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Debtor Louis Anthony Telerico
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Defendant Bank of America
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Defendant Internal Revenue Service
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Defendant Ohio Department of Taxation
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Defendant Dennis Gehrisch
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Defendant Robert Ranallo
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Plaintiff Louis Anthony Telerico
fschwieg@schwieglaw.com

David J. Sternberg on behalf of Creditor Brian Zeid
djsternberg@ameritech.net

Joshua Ryan Vaughan on behalf of Creditor Ohio Department of Taxation
jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;rschroeter@amer-collect.com;HouliECF@aol.com

Steven L. Wasserman on behalf of Creditor Dollar Bank, FSB
swasserman@westonhurd.com, specek@westonhurd.com

Steven L. Wasserman on behalf of Defendant Dollar Bank
swasserman@westonhurd.com, specek@westonhurd.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
Scott.R.Belhorn@usdoj.gov




# AGENCY DISCLOSURE STATEMENT

The real estate agent who is providing you with this form is required to do so by Ohio law. You will not be bound to pay the agent or the agent's brokerage by merely signing this form. Instead, the purpose of this form is to confirm that you have been advised of the role of the agent(s) in the transaction proposed below. (For purposes of this form, the term "seller" includes a landlord and the term "buyer" includes a tenant.)

Property Address: **Bristol Drive, Aurora, OH 44202**
Buyer(s): **Craig Novak**
Seller(s): **Louis A. Telerico, Trustee**

## I. TRANSACTION INVOLVING TWO AGENTS IN TWO DIFFERENT BROKERAGES

The buyer will be represented by __**Leslie Kaufman**__, and __**Howard Hanna Real Estate Services**__,
                                        AGENT(S)                                              BROKERAGE

The seller will be represented by __**Michael Kaim & Debbie Nashmy**__, and __**BHHS Professional Partners**__,
                                        AGENT(S)                                              BROKERAGE

## II. TRANSACTION INVOLVING TWO AGENTS IN THE SAME BROKERAGE

If two agents in the real estate brokerage _____ represent both the buyer and the seller, check the following relationship that will apply:

☐ Agent(s) _____ work(s) for the buyer and
Agent(s) _____ work(s) for the seller. Unless personally involved in the transaction, the broker and managers will be "dual agents", which is further explained on the back of this form. As dual agents they will maintain a neutral position in the transaction and they will protect all parties' confidential information.

☐ Every agent in the brokerage represents every "client" of the brokerage. Therefore, agents _____ and _____ will be working for both the buyer and seller as "dual agents". Dual agency is explained on the back of this form. As dual agents they will maintain a neutral position in the transaction and they will protect all parties' confidential information. Unless indicated below, neither the agent(s) nor the brokerage acting as a dual agent in this transaction has a personal, family or business relationship with either the buyer or seller. *If such a relationship does exist, explain:* _____

## III. TRANSACTION INVOLVING ONLY ONE REAL ESTATE AGENT

☐ Agent(s) _____ and real estate brokerage _____ will be "dual agents" representing both parties in this transaction in a neutral capacity. Dual agency is further explained on the back of this form. As dual agents they will maintain a neutral position in the transaction and they will protect all parties' confidential information. Unless indicated below, neither the agent(s) nor the brokerage acting as a dual agent in this transaction has a personal, family or business relationship with either the buyer or seller. *If such a relationship does exist, explain:* _____

☐ represent only the (check one) ☐ seller or ☐ buyer in this transaction as a client. The other party is not represented and agrees to represent his/her own best interest. Any information provided the agent may be disclosed to the agent's client.

## CONSENT

I (we) consent to the above relationships as we enter into this real estate transaction. If there is a dual agency in this transaction, I (we) acknowledge reading the information regarding dual agency explained on the back of this form.

_____[signature]_____  10/9/18        _____[signature]_____  10/9/18
BUYER/TENANT Craig Novak      DATE     SELLER/LANDLORD Louis A. Telerico, Trustee   DATE

_____  _____    _____  _____
BUYER/TENANT              DATE        SELLER/LANDLORD           DATE

**EXHIBIT A**

Page 1 of 2

301 0105                                                                Effective 01/01/05

Howard Hanna, 6000 Parkland Blvd, Mayfield Hts OH 44124         Phone: (216) 831-9310    Fax:         Bristol Drive
Leslie Kaufman               Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

 

# OFFER TO PURCHASE REAL ESTATE AND ACCEPTANCE
## VACANT LAND

**A)** _____ Craig Novak _____ ("BUYER"), having examined the following property (the "Property") and being willing to accept it in its "AS IS" CONDITION except for normal wear and tear, does hereby offer to buy the Property:

**B) PROPERTY:** situated in the ____City____ of ____Aurora____, County of ____Portage____, Ohio and located at ____Bristol Drive____

Permanent Parcel or Tax ID# ____03-016-00-00-177-000____ The term Property includes the land in its as is condition and all appurtenant rights and easements.

**C) LOT SIZE:** See attached legal Description and/or plat map for dimensions and configuration.

**D) PURCHASE PRICE:** BUYER agrees to pay SELLER the sum of .... $ _____150,000.00_____ payable as follows:

1. Earnest money to be deposited in (check one) ☐ Listing agent's
☒ Buyer agent's Broker Trust Account after Acceptance, as hereinafter defined, and credited against the purchase price: ☐ CHECK ........ $ _____5,000.00_____

2. Remainder of BUYER'S down payment to be deposited in escrow in accordance with Section H: ..................... $ _____145,000.00_____
BUYER ☒ will ☐ will not (CHECK ONE) meet down payment requirement in cash, without regard to the sale and/or closing of any real property.

3. Balance in the form of a mortgage loan: ..................... $ _____
Check appropriate: ☐ Conventional ☒ Other Cash

**E) FINANCING:** This transaction is conditioned upon BUYER obtaining a commitment for a first mortgage loan (the "Loan") from Howard Hanna Mortgage Services or such other lending institution chosen by BUYER in the amount set forth in D(3) above, or in a lesser amount acceptable to BUYER. BUYER agrees to apply in writing for the Loan within five (5) Days, as defined in Section O, after the date of Acceptance, to cooperate fully with the lender's requests for information and to use good faith efforts to obtain the Loan. If BUYER'S loan application is neither approved nor denied within _____ days after the date of Acceptance, then BUYER may either request a written extension or remove this contingency in writing.

If BUYER'S loan application is denied, or if SELLER refuses an extension and BUYER does not remove this contingency, then this agreement ("AGREEMENT") shall be null and void, neither BUYER, SELLER nor any REALTOR(S)® involved in this transaction shall have any further liability or obligation to each other, and both BUYER and SELLER agree to sign a mutual release, whereupon the earnest money shall be returned to BUYER.

**F) PRORATIONS:** General taxes, annual maintenance fees, subdivision charges, special assessments, city and county charges and tenant's rents shall be prorated as of the date of the title transfer. Taxes and assessments shall be prorated based upon the latest available tax duplicate. However, if the tax duplicate is not yet available or the improved land is currently valued as land only, taxes and assessments shall be prorated based upon a reasonable estimate of the sums owed. The escrow agent is instructed to contact the local governmental taxing authority, verify the correct tax value of the property as of the date of title transfer, and pay the current taxes due to the date of the title transfer. If the property being transferred is new construction and recently completed or in the process of completion at the time the AGREEMENT is made, then the escrow agent is instructed to make a good faith estimate of the taxes to be owed on the value of the improved property to the date of title transfer and to reserve sufficient funds in escrow from SELLER'S net proceeds to pay those taxes when they become due and payable after title transfer. The escrow agent is instructed to release the balance of the funds on reserve, if any, once it receives notice from the local county auditor that the taxes on the land and improvements have been paid in full to the date of the title transfer. BUYER acknowledges that the latest available tax duplicate may not accurately reflect the amount of taxes and assessments that will be owed. SELLER agrees to reimburse BUYER directly outside of escrow for any increase in valuation and the cost of all passed or levied, but not yet certified,

Offer to Purchase Vacant Land
06/15/2016

1 of 4

Form # 052-1

Howard Hanna, 6000 Parkland Blvd. Mayfield Hts OH 44124
Leslie Kaufman    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com    Phone: (216) 831-9310    Fax:    Bristol Drive

17-50236-amk    Doc 186    FILED 12/06/18    ENTERED 12/07/18 07:42:48    Page 9 of 16

taxes and assessments if any, prorated to the date of title transfer. SELLER is not aware of any proposed taxes or assessment, public or private, except the following _____

If the Property is deemed to be subject to any agricultural tax recoupment (C.A.U.V.) ☐ BUYER ☒ SELLER agrees to pay the amount of such recoupment.

G) **NOTICES:** SELLER warrants that SELLER has not received notice from the Sheriff or local law enforcement authorities regarding sex offenders. BUYER agrees that it is BUYER'S obligation to inquire with the local Sheriff as to the most current registration of sex offenders.

H) **CLOSING:** All documents and funds necessary to complete this transaction shall be placed in escrow with BUYER'S lending institution or a title company on or before ___December 6, 2018___, and the Deed shall be recorded on or about but not before ___December 7, 2018___, except that if a defect in Title appears, SELLER shall have thirty (30) days after notice from BUYER to remove such defect and, if unable to do so, BUYER may either (1) accept Title subject to such defect without any reduction in the purchase price; or (2) terminate this AGREEMENT, in which case neither BUYER, SELLER nor any REALTOR(S) shall have any further liability to each other, and both BUYER and SELLER agree to sign a mutual release, whereupon the earnest money shall be returned to BUYER.

I) **POSSESSION:** SELLER shall deliver possession to BUYER upon recording of the Deed or ___December 7, 2018___, whichever is later. BUYER agrees to transfer utilities commencing on the date of possession.

J) **TITLE:** SELLER shall furnish a General Warranty or Fiduciary Deed with release of dower, if any, conveying the Property to BUYER or nominee free and clear of all liens and encumbrances whatsoever except (a) such encroachments and recorded restrictions, easements and conditions, including without limitation subsurface rights, which do not materially adversely affect the Property's use or value; (b) zoning ordinances, if any; and (c) taxes and assessments which are a lien on the Property but are not yet payable. BUYER is encouraged to obtain an Owner's Title Insurance Policy ("OTIP"). An OTIP is different from a lender's title insurance policy, which will not protect the BUYER from claims and challenges on the title. The SELLER and BUYER shall obtain an OTIP from Barristers of Ohio or ___Erie Title___ as agreed to by the parties.

K) **CHARGES:** SELLER shall pay the following costs through escrow: (1) the Title Search and one-half the premium for the Title Policy; (2) the amount due to discharge any lien(s) on the Property and to record cancellation thereof; (3) any governmental conveyance fee or transfer tax; (4) deed preparation; (5) the prorations due BUYER under this AGREEMENT; (6) the real estate commission described in Section Q below; and (7) one-half the escrow fee. If a defect is found in any utility main supply lines at the Property at the time of transfer of utilities, SELLER shall pay all costs for repair of same.

BUYER shall pay the following costs through escrow: (1) recording of the deed; (2) one-half the escrow fee; (3) one-half the premium for the Title Policy; (4) location survey; (5) all costs incidental to BUYER'S financing; and (6) a fee of $265.00 to Howard Hanna for brokerage services rendered to the BUYER.

L) **VACANT LAND SELLER'S DESCRIPTION OF THE PROPERTY:** SELLER warrants SELLER has reviewed and completed the Seller's Vacant Land Description of the Property Form (the "Form") and that no additional items of disclosure have occurred since SELLER'S completion of the Form. (If additional disclosures are necessary, the parties agree that SELLER will provide written notice of the same within three (3) days from the date of Acceptance.) BUYER(S) MUST INITIAL ONE OF THE FOLLOWING:

(1) _____ BUYER acknowledges receipt of the Form; **OR**

(2) ___CW___ BUYER has not received the Form. SELLER agrees to deliver to BUYER a copy of a completed Form within three (3) days after Acceptance.

BUYER acknowledges that BUYER is relying upon BUYER'S own inspection and evaluation of the Property, whether performed by BUYER or BUYER'S independent inspectors or contractors, in determining the Property's condition or fitness. BUYER understands that Howard Hanna and its REALTORS do not warrant the condition or systems of the Property or guarantee that SELLER has disclosed all defects. SELLER warrants that the Form has been completed accurately and thoroughly and agrees to notify BUYER in writing of any additional disclosure items that arise between the date of Acceptance and the date of recording the deed.

Offer to Purchase Vacant Land
06/15/2018

2 of 4

Form # 052-2

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com Bristol Drive

**(3) NO ORAL REPRESENTATIONS:** BUYER acknowledges that Howard Hanna and its REALTORS® have not made any representations, warranties, or agreements, express or implied, including any representation about the Property's condition, use, or value.

**N) ADDENDA:** The following Addenda are attached hereto and made a part hereof: *AGENCY DISCLOSURE(S);* and *the following, if applicable:* ☐ Secondary Offer Addendum; ☒ Other (as follows):
**Erie Title ABA, Addendum I, Supplemental Property Information**

**Q) BINDING AGREEMENT:** For purposes of this Agreement, "Days" shall be defined as calendar days. "Acceptance" shall occur when the latter of the parties signs this Agreement without making material change and then delivers either written or verbal notice of such signatures to the other party or the other party's agent. Upon Acceptance, this offer and all attachments and addenda, shall become an AGREEMENT binding on BUYER and SELLER, their heirs, executors, administrators, and assigns. This AGREEMENT shall be made part of or be used as the escrow instructions and shall be subject to the Escrow Agent's standard conditions of escrow not inconsistent herewith. The terms, covenants, conditions, and provisions of this AGREEMENT to be performed by SELLER shall survive delivery and recording of the Deed.

**P) EARNEST MONEY:** In the event of a dispute between the Seller and Buyer regarding the disbursement of the earnest money, the broker is required by Ohio law to maintain such funds in the broker's trust account until the broker receives (a) written instructions signed by the parties specifying how the earnest money is to be disbursed or (b) a final court order that specifies to whom the earnest money is to be awarded. If within two years from the date the earnest money was deposited in the broker's trust account, the parties have not provided the broker with such signed instruction or written notice that such legal action to resolve the dispute has been filed, the broker shall return the earnest money to the purchaser with no further notice to the seller. The broker shall acknowledge receipt of the earnest money to the escrow agent who shall credit that amount to the Buyer's escrow account. Unless otherwise stated herein, the earnest money shall be retained in the broker's trust account until after title transfer at which time it shall be applied against any compensation due the broker. Any amount by which the earnest money exceeds the compensation due the broker shall be remitted to the escrow agent.

This agreement contains all terms agreed upon between BUYER and SELLER and there are no other conditions, representations, warranties, or agreements, express or implied. Facsimile signatures shall be deemed valid and binding. This is a binding contract; the parties should consult an independent professional if in need of legal or tax advice.

**HOWARD HANNA (License # 0000189163):** The undersigned Realtor hereby acknowledges receipt of earnest money check in the amount of $5,000.00

By: _Leslie Kaufman_ (License # 309366) Office: **Pepper Pike** Phone: **(216)299-3561**

BUYER: _[signature]_  Address: 38814 Lochmoor DR
Print name: **Craig Novak** 216-233-9922  Solon OH  ZIP: 44139
BUYER: _____  Phone: 216-233-9922
Print name: _____  Date: 10/7/18

**Q) ACCEPTANCE:** SELLER accepts the above offer and hereby instructs the Escrow Agent to pay from SELLER'S escrow fund a brokerage commission of $265, if the property is listed with Howard Hanna plus **3.000** % of the purchase price, to Howard Hanna, 6000 Parkland Blvd, 3rd Floor, Mayfield Heights Ohio 44124

Listing Broker: **BHHS Professional R** License #9388  Listing Agent: **Michael Kaim** License #**430767**
SELLER: _[signature] Trustee_ Address: 545 Bristol Dr Aurora Ohio 44202
Print name: **Louis A. Telerico, Trustee**  ZIP: _____
SELLER: _____  Phone: _____
Print name: _____  Date: _____

Offer to Purchase Vacant Land
06/15/2018
4 of 4
Form # 052-4

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com Bristol Drive




## ADDENDUM I

The following provisions are part of the Purchase Agreement, Offer, Receipt and Acceptance

between _____ **Craig Novak** _____ (BUYER)

and _____ **Louis A. Telerico, Trustee** _____ (SELLER)

for property located at _____ **Bristol Drive** _____
STREET ADDRESS                MUNICIPALITY

Ohio, with offer dated _____ **October 7, 2018** _____.

<u>Buyer's inspections to be performed within 10 days from when Seller and/or Sellers lien holders can provide Buyer with written documentation of Sellers ability to provide clear title to the Buyer.</u>

<u>Buyer has the right to rescind their offer at any time prior to receiving written documentation of Sellers ability to provide clear title to the Buyer.</u>

<u>Seller to complete and sign the Supplemental Property Information Sheet.</u>

Sale price of the property is subject to court approval and would be free and clear of all liens.

BUYER: _____/s/ Craig Novak_____        SELLER: _____/s/ Louis A. Telerico, Trustee_____

BUYER: _____        SELLER: _____

DATE: __10/7/18__        DATE: __10/9/18__

Addendum I
ARC 12/14/2011                                                         Form 002

Howard Hanna, 6000 Parkland Blvd. Mayfield Hts OH 44124
Leslie Kaufman        Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com        Phone: (216) 831-9310   Fax:        Bristol Drive




## VACANT LAND
## SELLER'S DESCRIPTION OF THE PROPERTY

Seller's Name(s): **Louis A. Telerico, Trustee**
Property Address: **Bristol Drive, Aurora, OH 44202**

*This is a good faith statement of condition of the Property as it is known by the Seller (not the Seller's agent(s)). It is not a warranty of the Property's condition. The Buyer is advised to inspect and make diligent inquiry about the Property's condition and to hire independent professionals to assist in such an evaluation.*

1. Are the boundary lines of your parcel marked in any way? ☐ Yes ☐ No ☑ Unknown
   If yes, please describe: _____

2. Do you know of any encroachments, easements, shared driveways, party walls, or similar conditions that may affect title to the Property? ☐ Yes ☑ No ☐ Unknown
   If yes, please describe: _____

3. Has there ever been an environmental audit or assessment of the soil? ☐ Yes ☑ No ☐ Unknown
   If yes, please describe: _____

4. Has there ever been any hazardous substances or chemicals stored or spilled on the Property? ☐ Yes ☑ No ☐ Unknown
   If yes, please describe: _____

5. Has the Property been tested for radon gas? ☐ Yes ☑ No ☐ Unknown
   If yes, please describe: _____

6. Are you aware of any violations of other federal or state Environmental Protection Agency rules or regulations? ☐ Yes ☑ No ☐ Unknown
   If yes, please describe: _____

7. Has a percolation test been performed on the Property? ☐ Yes ☑ No ☐ Unknown
   If yes, please describe: _____

8. Do you know of any flooding, drainage, or grading problems on the Property? ☐ Yes ☑ No ☐ Unknown
   If yes, please describe: _____

9. Has the Property ever been designated as a wetland by any federal or state governmental agency or located on a federally designated flood plain? ☐ Yes ☑ No ☐ Unknown
   If yes, please describe: _____

10. Do you know of any violations of local, state, or federal laws, building codes and/or zoning ordinances affecting the Property? ☐ Yes ☑ No ☐ Unknown
    If yes, please describe: _____

11. Are there currently any subsurface rights, mineral rights, or natural oil or gas or other leases affecting the Property? ☐ Yes ☑ No ☐ Unknown
    If yes, please describe: _____

Vacant Land Description
ARC 12/14/2011
Page 1 of 2
Form # 053-1

Howard Hanna, 6000 Parkland Blvd. Mayfield Hts OH 44124
Leslie Kantuno
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com
Phone: (216) 831-9310  Fax:  Bristol Drive

17-50236-amk    Doc 186    FILED 12/06/18    ENTERED 12/07/18 07:42:48    Page 13 of 16

12. Is the Property currently valued for agricultural use by the county auditor or subject to any Agricultural Tax Recoupments (C.A.U.V.)? ☐ Yes ☑ No ☐ Unknown
    If yes, please describe: _____

13. Do you know of any excessive settling, slippage, sliding, erosion, or other soil stability problems on the Property? ☐ Yes ☑ No ☐ Unknown
    If yes, please describe: _____

14. Are there any improvements, including utility lines, to the Property? ☑ Yes ☐ No ☐ Unknown
    If yes, please describe: CITY WATER/SEWER

15. Has there been notice of any revaluation of the Property or change in the value or assessments during the last twelve months? ☐ Yes ☐ No ☑ Unknown
    If yes, please describe: _____

16. Are there any property tax abatements or assessments on the Property? ☐ Yes ☐ No ☑ Unknown
    If yes, please describe: _____

17. Are there any landfills or dumps (compacted or otherwise) in the neighborhood, on the Property or any portion thereof? ☐ Yes ☑ No ☐ Unknown
    If yes, please describe: _____

18. Has there been major damage to the Property from fire, earthquake, flood, tornado, mine subsidence, or other event? ☐ Yes ☑ No ☐ Unknown
    If yes, please describe: _____

19. Are there or have there ever been any active, opened or closed natural gas or oil wells or underground storage tanks? ☐ Yes ☑ No
    If yes, please describe: _____

Other: _____

The information contained herein is true and correct to the best of Seller's knowledge and, except as stated above, no material problems exist with respect to the Property as of the date below. Seller further agrees to notify the Buyer of any additional items which may become known prior to recording of the Deed. Seller hereby acknowledges receipt of this document.

_____ 10/9/18
SELLER Louis A. Telerico, Trustee     DATE          SELLER                                      DATE

Buyer hereby acknowledges receipt of the Seller's Description of the Property, consisting of two (2) pages. Buyer understands that this information is a description of the Property to the best of the Seller's knowledge and is not a warranty of any kind by Seller or Seller's agent. Buyer acknowledges that the information contained herein is not a substitute for Buyer's independent professional inspections. Buyer further acknowledges that the Realtors involved in this transaction made no representations that are inconsistent to the foregoing statements of the Seller.

_____
BUYER Craig Novak              DATE          BUYER                                       DATE

Vacant Land Description
ARC 12/14/2011                          Page 2 of 2                                  Form # 053-2

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com      Bristol Drive



**BERKSHIRE HATHAWAY**
**HomeServices**
**Professional Realty**

# SUPPLEMENTAL PROPERTY INFORMATION



Seller(s) Louis A. Telerico _____ to Purchaser(s) _____ for the Property
at Bristol Dr/parcel #03-016-00-00-177-000 (City/Township) Aurora _____ (County) Portage _____, Ohio.

This disclosure statement is a good faith statement of the condition of the above described property. This disclosure is not a warranty of any kind by the owner/seller or any agent whether Seller's or Purchaser's agent. This statement is for additional information purposes about the property. Purchasers are encouraged to obtain their own professional inspection and/or survey.

*Seller(s) to complete the following in their own writing*

| Question | Y | N | U | If you checked (Y)es, please explain |
|---|---|---|---|---|
| Do you know of any existing or future tax abatements forthcoming on the property? | ☐ | ☐ | ☑ | |
| Do you know of any pending lawsuits, tax liens, foreclosures, divorce action, proposed assessments which could affect the property? | ☑ | ☐ | ☐ | PART OF PROPOSED TOLL |
| Are there any improvements at this property? | ☑ | ☐ | ☐ | |
| Do you know of any excessive settling, slippage, erosion, sliding, or other soil stability problems on this property? | ☐ | ☑ | ☐ | |
| Are there or have there previously been, any landfills or dumps in the neighborhood, on the property, or any portion thereof? | ☐ | ☑ | ☐ | |
| Is the property subject to any agricultural tax recoupments (CAUV)? | ☐ | ☑ | ☐ | |
| Is the property currently valued by the county auditor for agricultural use? | ☐ | ☑ | ☐ | |
| Do you know the property boundary lines? | ☑ | ☐ | ☐ | |
| Are the boundary lines marked? | ☐ | ☐ | ☑ | |
| Are there any disputes over boundary lines? | ☐ | ☑ | ☐ | |
| Are there any easements or encroachments that may affect the use of this property? | ☐ | ☑ | ☐ | |
| Has a soil percolation test or sanitary system site evaluation been performed? | ☐ | ☑ | ☐ | |
| Has a test for water availability been performed? | ☐ | ☐ | ☑ | IMPROVED LOT |
| Are there currently any mineral, timber, natural gas, or other leases or encumbrances on the property? | ☐ | ☑ | ☐ | |
| Are there any opened or closed gas or water wells on the property or any underground storage or septic tanks? | ☐ | ☑ | ☐ | |
| Has there been or are there presently any violations of State or Federal EPA rules or regulations such as storage or spilling of hazardous substances or chemicals? | ☐ | ☑ | ☐ | |
| Is the property designated as a wetland or flood plain by any State or Federal government agency? | ☐ | ☑ | ☐ | |
| Are there any flooding, drainage, or grading problems on the property? | ☐ | ☑ | ☐ | |

_Louis A. Telerico Trustee_ 10/9/18
Seller / Date  Seller / Date

Purchaser(s) have read this disclosure and understand that the statements made are based on the Seller's actual knowledge as of the date signed by the Seller

Buyer / Date  Buyer / Date

Page 1 of 1  Supplemental Property Information 01/01/2014

# DISCLOSURE OF AFFILIATED BUSINESS ARRANGEMENT WITH ERIE TITLE AGENCY, INC.

DATE: 10/7/18

TO: _____

FROM: _____

SUBJECT PROPERTY: S/L 133 Bristol Drive Aurora, Oh__

You have been referred to Erie Title Agency, Inc. by _____
The purpose of this document is to notify you that _____ is a shareholder of Erie Title Agency, Inc. Because of this relationship, _____ may receive a financial or other benefit as a result of Erie Title Agency, Inc.'s charges to you for settlement services it will be providing to you in connection with your purchase, sale or refinance of the subject property.

Erie Title Agency, Inc. estimate charges for settlement services are as follows:

Title Insurance Premium — As filed with the State of Ohio
Closing Fee — $395.00
Title Search/Examination — $395.00
Title Commitment Fee — $100.00

You are not required to use Erie Title Agency, Inc. as a condition to your purchase, sale or refinance of the subject property. There are other settlement service providers available to you. You are free to engage any other settlement service provider relative to your purchase, sale or refinance of the subject property. I would be pleased to provide you with the names of other settlement services providers should you request the same.

Please sign below to acknowledge that you have received and read this Disclosure Form and to evidence your understanding that _____ has referred you to Erie Title Agency, Inc. for the purpose of your engaging Erie Title Agency, Inc. to provide the above-described settlement services to you and that, as a shareholder of Erie Title Agency, Inc., _____ may receive financial or other benefits as the result of such referral.

BUYER: [signature]
Dated: 10/7/18

SELLER: [signature]
Dated: 10/9/18

BUYER: _____
Dated: _____

SELLER: _____
Dated: _____