# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-50236 (AMK) |
| | ) | |
| Louis Anthony Telerico | ) | Chapter 11 |
| | ) | |
| Debtor | ) | Judge Alan M. Koschik |

### Objection of the United States Trustee to Confirmation of Debtor's Plan of Reorganization

Daniel M. McDermott, United States Trustee for Region 9, by and through his undersigned counsel, objects to the *Plan of Reorganization Version 2.1 for Louis A. Telerico.* For the reasons set forth more fully below, the United States Trustee submits that plan is not feasible has not been filed in good faith.

*Jurisdiction*

1. Daniel M. McDermott is the United States Trustee for Region 9. Pursuant to 28 U.S.C. § 586, the United States Trustee is statutorily obligated to monitor the administration of cases commenced pursuant to the Bankruptcy Code, 11 U.S.C. § 101 et seq. Pursuant to 11 U.S.C. § 307, the United States Trustee has standing to be heard.

2. The Court has jurisdiction to hear and decide the issues raised by the United States Trustee under 28 U.S.C. § 1334. These matters constitute core proceedings as defined under 28 U.S.C. §157(b)

*Statement of Facts*

3. On February 5, 2017, Louis Anthony Telerico ("Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The first meeting of creditors pursuant to 11 U.S.C. § 341 was held on March 15, 2017.

4. Debtor owns real property located at 545 Bristol Dr., Aurora, Ohio ("Bristol Dr. Property"). Debtor testified at the first meeting of creditors the Bristol Dr. Property is a 35,000 square foot four story house. On *Schedule A/B: Property*, the Debtor values the home at $10,966,000. (Doc. No. 15, pg. 3) The Bristol Dr. Property is listed for sale with Berkshire Hathaway HomeServices and has been on the market since April or May, 2017. The listing price is $14,250,000.

5. *Amended Schedule D: Creditors Who Have Claims Secured by Property* identifies secured debt totaling $7,498,326.55. (Doc. No. 20, pgs. 3 - 6.)

6. *Amended Schedule E/F: Creditors Who Have Unsecured Claims* identifies no priority debt and general unsecured debt of $326,068.54. (Doc. No. 200, pgs. 8 – 18.)

7. *Schedule I: Your Income* lists income for Debtor and his non-filing spouse. At the time of the filing, Debtor was not employed and listed monthly income of $2,454 from social security and $11,434 from a pension or retirement account. At the time of the filing, his non-filing spouse was employed as Property Manager for Capital L, a corporation owned by Debtor, and listed monthly income of $1,700.00 for "Property Management Fee from Capital L" and $1,490 from social security. (Doc. No. 15, pgs. 33 and 34) Debtor's total household income at the time of the filing was $17,078.00.

8. *Schedule J: Your Expenses*, Debtor lists total monthly expenses of $13,888 with monthly net income of $3,190 per month. (Doc. No. 15, pgs. 35 and 36)

9. Since the filing of the case, Debtor and his non-filing spouse received new employment and their monthly household income has increased. According to the monthly operating reports, Debtor is earning on average $2,016.97 from "Wages from Other Sources." The United States Trustee deposed Sharon Stephula, Debtor's non-filing spouse. According to

her testimony, she is employed as Director of Operations for Amara Home Care, Inc. earning a salary of $75,000 per year. She has been employed there since August, 2018. She is entitled to receive bonuses every six months but did not earn a bonus in February, 2019 because the benchmark for a bonus was not reached.

10. On March 13, 2018, Debtor filed a Chapter 11 Plan of Reorganization and a disclosure statement. (Doc. No. 85 and 86.) The Plan and Disclosure Statement were amended several times and on February 15, 2019, the Court approved *Debtor's Disclosure Statement Version 2.1 for Louis A. Telerico* ("Disclosure Statement") (Doc. 192) and scheduled a hearing on confirmation on *Debtor's Plan of Reorganization Version 2.1 for Louis A. T*elerico ("Plan"). (Doc. 191)

11. The Disclosure Statement and Plan identify total amount of unsecured claims as $3,731,260.16 which includes the unsecured portion of scheduled secured claims. The Plan, as filed, proposed to pay unsecured creditors $50,110.33 over five years, which, based on unsecured claims of $3,731,260.16, is a dividend of approximately 1.3% of unsecured claims.

12. The Plan, as filed, proposes Debtor and his non-filing spouse will continue to live in the Bristol Drive Property making interest only payments of $11,465.70 per month to Bank of America for 60 months and paying real estate taxes of $11,486.54 per month.

13. The Plan proposes payments to a trust for distribution to unsecured creditors during the first year of the plan of $250.85 per month increasing to $1,466.18 per month in year five. Debtor's monthly expenses under the Plan for year one, excluding payments to Bank of America and real estate taxes, total $10,703.09. These expenses represent an increase in almost every category from Schedule J. The monthly household expenses also increase every year under the Plan with expenses totaling $15,475.44 per month in year five of the plan.

14. Exhibit C of the Disclosure Statement is a summary of the monthly operating reports filed by Debtor from the inception of the case to the month ending October 31, 2018. According to Exhibit C, Debtor had cash at the end of each month averaging $10,845.41. According to the monthly operating reports, it does not appear that any of this money has been escrowed or is available to fund the Plan.

*Legal Authority*

15. Debtor's Plan cannot be confirmed because it does not comply with the requirements of 11 U.S.C. § 1129(a)(3) and (a)(11). In particular, the United States Trustee suggests the plan has not been proposed in good faith as required by section 1129 (a)(3) and the plan is not feasible as is required by section 1129(a)(11) "Section 1129 of the Bankruptcy Code requires the Court to confirm a Chapter 11 plan that meets certain requirements. The Court 'shall confirm a plan' pursuant to § 1129(a) of the Bankruptcy Code, but 'only if all' of the applicable requirements set forth in that subsection are met." *In re: Trenton Ridge Investors, LLC*, 461 B.R. 440, 455 (Bnkr. S.D. OH 2011).

16. **Bad Faith:** The term "good faith" is not defined in the Bankruptcy Code. *Id*. at 468. Nonetheless, it is generally accepted that the term "good faith" means "that there exists a reasonable likelihood that the plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code." *Id*. An assessment of a debtor's good faith requires the Court to consider all the facts and circumstances surrounding the debtor's filing for bankruptcy. In re Integrated Telecom Express, Inc., 384 F.3d 108, 118 (3rd Cir. 2004) (dismissing chapter 11 case). Dismissal of a case is proper if the court finds the debtor acted in bad faith and that creditors were prejudiced by such conduct. In re Moses, 227 B.R. 98, 102 (E.D. Mich. 1996).

17. Once a debtor's good faith is called into question, the burden shifts to the debtor to prove the bankruptcy petition was filed in good faith. *In re Tamecki,* 229 F.3d 205, 207 (3rd Cir. 2000).

18. While Debtor's Plan does provides for a reorganization, it fails to employ principles of fundamental fairness. Debtor is attempting to keep a house with an appraised value of approximately $4,000,000. The Bristol Dr. property is for sale with a sales price of $14,500,000, yet in the liquidation analysis, Debtor values the house much lower. If Debtor believes the house is worth $14,500.00, this number should be used in the liquidation analysis. If Debtor really wants to sell the Bristol Dr. Property and pay creditors, the sales price should have been reduced or listed at or near the appraised value. Debtor's Plan provides for annual payments for repairs and maintenance on the house starting at $48,000 in year one and increasing to $51,956.74 in year five. Debtor's Plan proposes payments to Bank of America, the first mortgage holder $11,465.70 per month and real estate taxes of $11,486.54 per month. This is while paying unsecured creditors $250.85 per month in year one with a total distribution to unsecured creditors during the life of the plan of approximately 1%. See Disclosure Statement, Exhibit B.

19. **Feasibility:** "Bankruptcy courts have an affirmative obligation to ensure that plans are feasible." *Trenton Ridge*, 461 B.R. at 478. Feasibility, though, is not defined in the Bankruptcy Code. *Id*. Courts may confirm a Chapter 11 plan only if "confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." (11 U.S.C. § 1129(a)(11)). The underlying purpose of the feasibility test is "to determine whether there is a reasonable probability that creditors will receive the payments provided for in the plan." *Trenton Ridge*, 461 B.R. at 478. See also *In re G–I Holdings Inc.,* 420 B.R. 216, 267 (D.N.J.2009) ( "[T]he key element of feasibility is whether

there is a reasonable probability the provisions of the Plan can be performed.").

20. Debtor has not established his projected household income is realistic or achievable. The projections list his personal earnings (excluding his pension and social security) to be $11,108.06 per month in year one increasing to $13,501.91 in year five. Per the summary of Debtor's operating reports, the average income Debtor earned from "Salary or Cash from Business" is $2,106.97. See Disclosure Statement, Exhibit C. The projections include contribution from Debtor's non-filing spouse of $150,000 per year. Her current income is $75,000 per year.

21. Debtor is attempting to maintain the same extravagant lifestyle he maintained prior to filing and during bankruptcy. Debtor wants to keep an extremely expensive home and continue to pay exorbitant expenditures, while his household income does not support it and is attempting to do so at the expense of his unsecured creditor. Debtor's plan is not feasible and smacks of bad faith.

WHEREFORE, the United States Trustee respectfully requests this Court enter an Order denying confirmation of Debtor's plan and for such other relief as this Court deems appropriate.

    Respectfully submitted,

    Daniel M. McDermott
    United States Trustee, Region 9

by:    */s/ Maria D. Giannirakis*
    Maria D. Giannirakis (0038220)
    Trial Attorney
    Office of the United States Trustee
    H.M. Metzenbaum U.S. Courthouse
    201 Superior Avenue East, Suite 441
    Cleveland, Ohio 44114-1240
    Phone: (216) 522-7800 ext. 222

**Certificate of Service**

  I certify that on March 20, 2019, a true and correct copy <u>Objection of the United States Plan of Reorganization</u> was served:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Todd A. Atkinson  tatkinson@ulmer.com
- Bryan J. Farkas  bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com
- Scott D. Fink  ecfndoh@weltman.com
- David A. Freeburg  david@freeburglaw.com
- Michael J. Occhionero  mjocolpa@sbcglobal.net
- Richard P. Schroeter  rschroeter@amer-collect.com, crogers@amer-collect.com;HouliECF@aol.com
- Frederic P. Schwieg  fschwieg@schwieglaw.com
- David J. Sternberg  djsternberg@ameritech.net
- United States Trustee  (Registered address)@usdoj.gov
- Steven L. Wasserman  swasserman@westonhurd.com, specek@westonhurd.

And by regular U.S. Mail, postage prepaid to:

- PRA Receivables Management, LLC  
  PO Box 41021  
  Norfolk, VA 23541

- Daniel Miller  
  221 Summit Street SE  
  North Canton, OH 44720

- Susan J. Lax  
  755 White Pond Drive, Suite 403  
  Akron, OH 44320

- Deborah Nashmy  
  Blue Rock Select LLC  
  7395 Center St  
  Mentor, OH 44060

        by: */s/ Maria D. Giannirakis*  
          Maria D. Giannirakis (0038220)  
          Trial Attorney  
          Office of the United States Trustee  
          H.M. Metzenbaum U.S. Courthouse  
          201 Superior Avenue East, Suite 441  
          Cleveland, Ohio 44114-1240  
          Phone: (216) 522-7800 ext. 222  
          maria.d.giannirakis@usdoj.gov