IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE LOUIS TELERICO<br>*Debtor* | CASE NO. 17-50236<br>JUDGE ALAN M KOSCHIK<br>CHAPTER 11 |

**MOTION OF LOUIS TELERICO TO SURCHARGE BANK OF AMERICA, N.A.'S COLLATERAL**

Louis Telerico, the debtor and Debtor in Possession in the within bankruptcy case ("Debtor"), moves the Court for an order pursuant to 11 U.S.C. §506(c) surcharging certain collateral of Bank of America, N.A. ("Motion" and "BOA").

1. The Court has jurisdiction over this matter under 28 U.S.C §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C) and (O). The venue of this case and this Motion is proper under 28 U.S.C. §§ 1408 and 1409.

2. Debtor filed this Bankruptcy Case on February 4, 2017 and has continued to operate as Debtor in Possession since that date. No committee of unsecured creditors has been established in this case.

3. The Debtor through a testamentary trust owns a house and approximately 2 acres of land at 545 Bristol Dr., Aurora Ohio, identified by permanent parcel number 03-016-00-00-173-003 and used by the Debtor as his residence ("Home").

4. The Portage County Treasurer has a real estate tax lien against the Home in the amount of $424,793.37 that is a first priority lien against the Home ("Tax Lien").

5. On or about July 25, 2001 the Debtor executed a promissory note payable to Merrill Lynch Credit Corporation nka BOA in the principal amount of $3,000,000.00 ("BOA Note"). To secure repayment of the Note on or about the same date the Debtor through the trust as mortgagor gave to BOA a mortgage interest in the House that is a second priority lien against it ("BOA Mortgage"). BOA filed proof of claim no. 11 in the Debtor's bankruptcy case asserting

that $3,732,925.43 was owed on the BOA Note.

6. Section 506(c) provides:

> (c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property.

7. Under Section 506(c) payment for ad valorem property taxes are expressly recoverable from a secured lender's collateral. As noted above the BOA Mortgage is junior in priority to the Tax Lien. The Debtor has an agreement with the Portage County Treasurer to pay the past due real estate taxes in semiannual installments over five years. On July 14, 2017 the Debtor paid the Portage County Treasurer $19,733.74 on the current real estate taxes on the Home. The Debtor on July 11, 2018 paid the Portage County Treasurer $47,099.05 as reflected on his July Operating Report [Doc. 157]. This payment was made on the current real estate taxes on the Home as well as made an initial paydown on the past due real estate taxes. These payments directly benefited BOA because it reduced the amount owed on a lien senior to the BOA Mortgage, thus preserving the value of BOA's collateral.

> Other expense of maintaining and preserving the Home are also chargeable to BOA.
>
> Generally, administrative expenses, such as the utility fees here, are satisfied out of the bankruptcy estate. *In re Trim-X, Inc.,* 695 F.2d 296, 301 (7th Cir. 1982). The Bankruptcy Code furnishes an exception to the general rule in § 506(c), which provides that a "trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." In order to charge a secured creditor with administrative expenses under § 506(c), three elements must be shown: (1) the expenditure was necessary, (2) the amounts expended were reasonable, and (3) the creditor benefitted from the expenses. *In re Trim-X, Inc.,* 695 F.2d at 299. The burden of demonstrating these elements is on the party seeking recovery. *See In re Flagstaff Foodservice Corp.,* 739 F.2d 73, 77 (2d Cir. 1984) *("Flagstaff I"); Brookfield Production Credit Ass'n v. Borron,* 738 F.2d 951, 952 (8th Cir. 1984).

*New Orleans Public Service, Inc. v. First Federal Savings & Loan Ass'n of Warner Robins (In re Delta Towers, Ltd.)*, 924 F.2d 74, 76 (5th Cir. 1991) (discussing utility expenses)

8. According to the Debtor's operating reports he has spent $92,833.44 in repairs and maintenance including $11,000 for a roof repair and several thousand dollars for repair and maintenance of the HVAC system  The Debtor has sent an additional 54,799.83 in utilities for keeping the property on an livable.  Finally the Debtor spent $41,610.49 in insuring the Home.

THEREFORE, the Debtor respectfully requests that this Court enter an order surcharging the BOA Mortgage in the total amount of $256,076.53 for the reasonable, necessary costs and expenses of preserving the Home.

Respectfully submitted,
s/ Frederic P. Schwieg
Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
2705 Gibson Dr
Rocky River, Ohio 44116
(440) 499-4506
Fax (440) 398-0490
fschwieg@schwieglaw.com
Attorney for Debtor

**CERTIFICATE OF SERVICE**

A copy of this Response was served on the following on the date filed by Notice of Electronic Filing though the Court's ECF/CM system.

Todd A. Atkinson on behalf of Defendant Stifel Nicolaus & Company, Inc.
tatkinson@ulmer.com

Todd A. Atkinson on behalf of Interested Party Stifel Nicolaus & Company, Inc.
tatkinson@ulmer.com

Philip Leonard Bednar on behalf of Creditor United States of America
philip.l.bednar@usdoj.gov, northern.taxcivil@usdoj.gov

Philip Leonard Bednar on behalf of Defendant Internal Revenue Service
philip.l.bednar@usdoj.gov, northern.taxcivil@usdoj.gov

Bryan J. Farkas on behalf of Creditor James Mirgliotta
bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com

Bryan J. Farkas on behalf of Defendant James Mirgliotta
bjfarkas@vorys.com, bjfarkas@vorys.com;caujczo@vorys.com;mdwalkuski@vorys.com

Scott D. Fink on behalf of Creditor Park View Federal Savings Bank
ecfndoh@weltman.com

Scott D. Fink on behalf of Creditor Robert Ranallo and Dennis Gehrish
ecfndoh@weltman.com

Scott D. Fink on behalf of Defendant Dennis Gehrisch
ecfndoh@weltman.com

Scott D. Fink on behalf of Defendant Robert Ranallo
ecfndoh@weltman.com

Stephen R. Franks on behalf of Creditor Bank of America NA
amps@manleydeas.com

Stephen R. Franks on behalf of Defendant Bank of America
amps@manleydeas.com

Bryan T. Kostura on behalf of Defendant Bank of America
bkostura@mcglinchey.com, hhines@mcglinchey.com;jlucas@mcglinchey.com

Allison Manayan on behalf of Creditor Portage County Treasurer
amanayan@portageco.com

Allison Manayan on behalf of Defendant Portage County Treasurer
amanayan@portageco.com

Michael J. Occhionero on behalf of Creditor First National Bank fka Park View Federal Savings Bank
mjocolpa@sbcglobal.net

Michael J. Occhionero on behalf of Defendant First National Bank
mjocolpa@sbcglobal.net

James W. Sandy on behalf of Defendant Bank of America
jsandy@mcglinchey.com, hhines@mcglinchey.com

Richard P. Schroeter, Jr on behalf of Creditor Ohio Bureau of Workers'Compensation
rschroeter@amer-collect.com, sallman@amer-collect.com;HouliECF@aol.com;jvaughan@amer-collect.com

Richard P. Schroeter, Jr on behalf of Creditor Ohio Department Of Job & Family Services
rschroeter@amer-collect.com, sallman@amer-collect.com;HouliECF@aol.com;jvaughan@amer-collect.com

Richard P. Schroeter, Jr on behalf of Creditor Ohio Department of Taxation
rschroeter@amer-collect.com, sallman@amer-collect.com;HouliECF@aol.com;jvaughan@amer-collect.com

Richard P. Schroeter, Jr on behalf of Defendant Ohio Department of Taxation
rschroeter@amer-collect.com, sallman@amer-collect.com;HouliECF@aol.com;jvaughan@amer-collect.com

Frederic P. Schwieg on behalf of Attorney Frederic P. Schwieg
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Debtor Louis Anthony Telerico
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Defendant Bank of America

fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Defendant Internal Revenue Service
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Defendant Ohio Department of Taxation
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Defendant Dennis Gehrisch
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Defendant Robert Ranallo
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Plaintiff Louis Anthony Telerico
fschwieg@schwieglaw.com

David J. Sternberg on behalf of Creditor Brian Zeid
djsternberg@ameritech.net

Joshua Ryan Vaughan on behalf of Creditor Ohio Department of Taxation
jvaughan@amer-collect.com, SAllman@AMER-COLLECT.COM;rschroeter@amer-collect.com;HouliECF@aol.com

Steven L. Wasserman on behalf of Creditor Dollar Bank, FSB
swasserman@westonhurd.com, specek@westonhurd.com

Steven L. Wasserman on behalf of Defendant Dollar Bank
swasserman@westonhurd.com, specek@westonhurd.com

Maria D. Giannirakis ust06 on behalf of U.S. Trustee United States Trustee
maria.d.giannirakis@usdoj.gov

Scott R. Belhorn ust35 on behalf of U.S. Trustee United States Trustee
Scott.R.Belhorn@usdoj.gov

                                                   /s/ Fred Schwieg
                                                   Frederic P. Schwieg