IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 17-50236 |
| | ) | Chapter 7 |
| LOUIS ANTHONY TELERICO, | ) | Judge Alan M. Koschik |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CREDITOR UNITED STATES OF AMERICA'S MOTION TO ALTER OR AMEND ORDER FOR TURNOVER AND TO SHOW CAUSE**

Creditor United States of America (Internal Revenue Service), pursuant to 11 U.S.C. § 363(c)(4) and (e), and Federal Rules of Bankruptcy Procedure 9023 and 9024, submits this motion to alter or amend the Court's Order on Motion of Louis Telerico for Turnover of Property and to Show Cause Why the Merrill Lynch & Co., Inc., Deferred Compensation Plan Should Not be Held in Contempt [Docket No. 240] ("Turnover Order"), which was entered on April 12, 2019.

On April 18, 2019, the Court entered an order converting this case to a Chapter 7 case. *See* Docket No. 243. The prior Turnover Order should be amended to clearly state that any funds received by the Chapter 7 Trustee from the Deferred Comp Plan shall be treated as cash collateral subject to the IRS's federal tax liens and segregated accordingly. Otherwise, the Chapter 7 Trustee may make distributions of Deferred Comp Plan funds without being aware of the IRS's lien interests in those funds.

**BACKGROUND FACTS**

On February 22, 2019, while this case was pending under Chapter 11, the Debtor filed an Amended Motion for Turnover of Property and to Show Cause Why the Merrill Lynch & Co.,

Inc., Deferred Compensation Plan Should Not be Held in Contempt [Docket No. 217] (the "Motion").  The Motion concerned funds that were purportedly withdrawn from the Deferred Comp Plan in January 2019 for payment on a pre-bankruptcy IRS tax levy that undisputedly was released in 2017.  At the March 15, 2019, hearing on the Motion, the Court continued the hearing to April 16, 2019, to allow Merrill Lynch and/or the Deferred Comp Plan (who did not appear at the March 15 hearing) the opportunity to explain why funds from the Deferred Comp Plan were paid to the IRS post-petition notwithstanding the release of the tax levy in 2017.  In addition, at the March 15 hearing, counsel for the United States and the Debtor discussed with the Court whether the IRS's liens were attached to the funds held in the Debtor's Deferred Comp Plan account at the time of the bankruptcy filing.  On April 12, 2019, the Court entered the Turnover Order, which cancelled the April 16 hearing and also ordered "[t]hat the Deferred Comp Plan shall pay all remaining sums to which the Debtor may be entitled (to the extent consistent with the terms of the Deferred Comp Plan) to this bankruptcy estate for distribution pursuant to later order of this Court."  *See* Docket No. 240, at p. 2.  The undersigned counsel for the United States did not receive a copy of the proposed Turnover Order before it was entered by the Court.

On April 18, 2019, the Court entered an order converting this case to a Chapter 7 case. *See* Docket No. 243.

**ARGUMENT**

The Turnover Order should be amended to state that any funds received by the Chapter 7 Trustee from the Deferred Comp Plan shall be treated as cash collateral subject to the IRS's federal tax liens and segregated accordingly.

Federal tax liens under 26 U.S.C. § 6321 attach to all property and rights to property, including personal property.  Federal tax liens also attach to a taxpayer's interest in a retirement

plan account, including deferred compensation plans. *See Society Nat'l Bank v. Kirchstein*, 1994 WL 486868, at *3-4 (N.D. Ohio Mar. 15, 1994). It is unclear whether the Deferred Comp Plan (which is commonly referred to as "409A plan" in reference to 26 U.S.C. § 409A) is an ERISA-qualified plan, but the Debtor believes it is not. *See* Docket No. 225, at p. 2. The IRS's federal tax liens would attach to the funds in the Deferred Comp Plan account if they originated from pre-petition contributions. *See Miles v. Comm'r*, 399 F. App'x 231, 233 (9th Cir. Oct. 7, 2010) (IRA account case); *In re Raihl*, 152 B.R. 615, 619 (9th Cir. B.A.P.) (401(k) account case); *In re Deppisch*, 227 B.R. 806, 809 (Bankr. S.D. Ohio 1998) (IRA account case); *In re Quillard*, 150 B.R. 291, 295 (Bankr. D. R.I. 1993) (IRA account case); *Iannone v. Comm'r*, 122 T.C. 287, 292-93 (2004) (401(k) account case). Given that the Debtor was no longer employed with Merrill Lynch as of the petition date, it is unlikely that the funds currently residing in the account relate to post-petition contributions.

Therefore, to the extent that funds from the Deferred Comp Plan are paid to the bankruptcy estate, such funds are cash collateral for this case subject to the IRS's liens and must be segregated, with adequate protection provided to the United States. *See* 11 U.S.C. §§ 361, 363(c)(4) and (e). The Turnover Order should be amended to state that any funds received by the Chapter 7 Trustee from the Deferred Comp Plan shall be treated as cash collateral subject to the IRS's federal tax liens and segregated accordingly.

DATED: April 25, 2019

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice


*/s/ Philip Leonard Bednar*
PHILIP LEONARD BEDNAR
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-6415 (v)
202-514-5238 (f)
Philip.L.Bednar@usdoj.gov
WA State Bar No. 41304
Counsel for Creditor United States of America

# CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2019, I electronically filed the foregoing Creditor United States of America's Motion to Alter or Amend Order for Turnover and to Show Cause with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

- Todd A. Atkinson tatkinson@ulmer.com
- Bryan J. Farkas bjfarkas@vorys.com, caujczo@vorys.com, mdwalkuski@vorys.com
- Scott D. Fink ecfndoh@weltman.com
- Stephen R. Franks amps@manleydeas.com
- Bryan T. Kostura bkostura@mcglinchey.com, hhines@mcglinchey.com, jlucas@mcglinchey.com
- Allison Manayan amanayan@portageco.com
- Michael J. Occhionero mjocolpa@sbcglobal.net
- James W. Sandy jsandy@mcglinchey.com, hhines@mcglinchey.com
- Richard P. Schroeter rschroeter@amer-collect.com, sallman@amer-collect.com, HouliECF@aol.com, jvaughan@amer-collect.com
- Frederic P. Schwieg fschwieg@schwieglaw.com
- David J. Sternberg djsternberg@ameritech.net
- Joshua Ryan Vaughan jvaughan@amer-collect.com, sallman@amer-collect.com,
- Steven L. Wasserman swasserman@westonhurd.com, specek@westonhurd.com
- Maria D. Giannirakis maria.d.giannirakis@usdoj.gov

*/s/ Philip L. Bednar*

PHILIP L. BEDNAR
Trial Attorney
United States Department of Justice, Tax Division