IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE:                                                CASE NO. 17-50236

DEBTOR                                        CHAPTER 7

LOUIS ANTHONY TELERICO           JUDGE ALAN M. KOSCHIK

**<u>TRUSTEE KATHRYN A. BELFANCE'S RESPONSE IN OPPOSITION TO CREDITOR UNITED STATES OF AMERICA's MOTION TO ALTER OR AMEND ORDER FOR TURNOVER AND TO SHOW CAUSE</u>**

Now comes Kathryn A. Belfance, the Trustee herein, and provides her Response in Opposition to Creditor United States of America ("Internal Revenue Service") Motion to Alter or Amend Order for Turnover and to Show Cause.

1. The Debtor, Louis Telerico, filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on February 5, 2017. On April 18, 2019 the case was converted to a Chapter 7 proceeding and Kathryn A. Belfance was appointed to serve as the Trustee (the "Chapter 7 Trustee").

2. In 2012, the United States of America, Internal Revenue Service (the "IRS") filed a notice of levy (the "Tax Levy") on the Debtor's interest in Merrill Lynch & Co., Inc. Deferred Compensation Plan (the "Deferred Compensation Plan").

3. On March 1, 2017, after Debtor's filing of the petition, the IRS released the Tax Levy and notified the Deferred Compensation Plan.

4. On April 12, 2019, the Court issued an order requiring the Deferred Compensation Plan to pay all remaining sums to which the Debtor may be entitled to this bankruptcy estate for distribution pursuant to later order of the Court [Doc. No. 240] (the "Turnover Order").

5. On April 25, 2019, the IRS filed a motion asking this Court to alter or amend the Turnover Order to state that any funds the Chapter 7 Trustee receives form the Deferred Compensation Plan will be treated as cash collateral, subject to the IRS's federal tax liens and segregated according to 11 U.S.C §§ 363(c)(4). [Doc. No. 247] .

6. The Chapter 7 Trustee is not operating any business of the Debtor pursuant to 11 U.S.C. § 721.

7. Part 5, Chapter 17, Section 9 of the IRS's Internal Revenue Manual found at https://www.irs.gov/irm/part5/irm_05-017-009 demonstrates why requests for adequate protection are unwarranted in Chapter 7 cases where, as here, the Trustee is not operating the debtor's business pursuant to Section 721:

> "5.17.9.12 (04-21-2015)
> **Adequate Protection and Turnover**
>
> 1. The concepts of adequate protection and turnover in bankruptcy are explained in IRM 5.17.8.11, General Provisions of Bankruptcy, Adequate Protection, and IRM 5.17.8.24, General Provisions of Bankruptcy, Turnover to the Trustee — Assets Seized Pre-petition, respectively.
>
> 2. In Chapter 7 cases, adequate protection should rarely be the basis for the IRS to resist turning over property of the estate to the trustee. In most instances, adequate protection arguments are not warranted or reasonable. A secured tax claim in a Chapter 7 case is subordinated to unsecured priority claims pursuant to 11 USC § 724. The IRS is only entitled to amounts determined by the distribution scheme established in 11 USC § 726.
>
> 3. 11 USC § 721 allows the court to authorize the Chapter 7 trustee to operate the debtor's business for a limited period. The operation must be

in the best interest of the estate and consistent with the orderly liquidation of the estate. For example, the trustee may continue operating the debtor's business to sell it at a higher price as a going concern. It may be more reasonable for IRS to make an argument for adequate protection of the Service's secured interests in these limited cases."

8. Cash collateral agreements between the IRS and Chapter 7 trustees regarding secured tax liens have, in fact, been held to be unenforceable on multiple occasions as violating §724 of the Bankruptcy Code. See, *e.g.*, *In re Life Imaging Corp.*, 131 B.R. 174, 176 (Bankr.D.Colo.1991)(refusing to enforce substitute lien provided to IRS on post-petition property); *In re Bino's Inc.*, 182 B.R. 784, 785(Bankr.N.D.Ill.1995)(cash collateral order violated the subordination provisions of 11 U.S.C.S. § 724(b) and impermissibly granted the taxing authorities superpriority).

9. In any event, there is no legitimate threat that payments from the Deferred Compensation Plan received and held by the Trustee for distribution under the Bankruptcy Code will decrease in value while in the Trustee's hands. The asset held by the Trustee is money that the Trustee will safeguard in the same manner that she is required to do with all funds brought into the estate prior to distribution. Ultimately, pursuant to the Turnover Order, the Trustee will distribute the Debtor's interest in the Deferred Compensation Plan under the distribution scheme set forth by 11 U.S.C. § 724 and the IRS will receive the amounts to which it is entitled pursuant to the distribution scheme, as approved by an order of the Court.

10. The protections set forth in subsection (c) of 11 U.S.C. § 363, including its subpart (c)(4) requiring segregation of cash collateral into a separate account, address only situations where the debtor in possession or trustee *is continuing to operate the*

*debtor's business during pendency of the case*. The Senate Judiciary Report accompanying the same legislative enactment explains:

> ***Subsection (c) governs use, sale, or lease in the ordinary course of business.*** *If the business of the debtor is authorized to be operated under § 721, 1108, or 1304 of the bankruptcy code, then the trustee may use, sell, or lease property in the ordinary course of business or enter into ordinary course transactions without need for notice and hearing. **This power is subject to several limitations.*** First, the court may restrict the trustee's powers in the order authorizing operation of the business. Second, with respect to cash collateral, the trustee may not use, sell, or lease cash collateral except upon court authorization after notice and a hearing, or with the consent of each entity that has an interest in such cash collateral. The same preliminary hearing procedure in the automatic stay section applies to a hearing under this subsection. ***In addition, the trustee is required to segregate and account for any cash collateral in the trustee's possession, custody, or control.***

S. Rept. No. 95-989 to accompany S. 2266, 95th Cong., 2d Sess. (1978) pp. 55, 56, 60. (Emphasis added.)

10. As supported by the legislative history of § 363, its subpart (c)(4) has no application where, as here, the Chapter 7 Trustee is simply marshaling estate assets to distribute pursuant to the Bankruptcy Code and is not continuing to operate the Debtor's business.

    WHEREFORE, the Trustee respectfully requests that the Court deny Creditor United States of America's Motion to Alter or Amend Order for Turnover and to Show Cause.

/s/ KATHRYN A. BELFANCE
**KATHRYN A. BELFANCE (0018035)**
*Chapter 7 Trustee*
50 S. Main Street, 10th Floor
Akron, Ohio 44308
(330) 434-3000, telephone
(330) 434-9220, fax
kb@rlbllp.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May 2019, a true and correct copy of the foregoing was served as follows:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Office of the U.S. Trustee
Susan J. Lax, at susan.lax@hotmail.com
Frederic P. Schwieg, at fschwieg@schwieglaw.com
Todd A. Atkinson, at tatkinson@ulmer.com
Philip Leonard Bednar, at philip.l.bednar@usdoj.gov
Bryan J. Farkas, at bjfarkas@vorys.com
Scott D. Fink, at ecfndoh@weltman.com
Stephen R. Franks, at amps@manleydeas.com
Bryan T. Kostura, at bkostura@mcglinchey.com
Allison Manayan, at amanayan@portageco.com
Michael J. Occhionero, at mjocolpa@sbcglobal.net
James W. Sandy, at jsandy@mcglinchey.com
Richard P. Schroeter, at rschroeter@amer-collect.com
David J. Sternberg, at djsternberg@ameritech.net
Joshua Ryan Vaughan, at jvaughan@amer-collect.com
Steven L. Wasserman, at swasserman@westonhurd.com
Maria D. Giannirakis, ust06 maria.d.giannirakis@usdoj.gov
Scott R. Belhorn, ust35 Scott.R.Belhorn@usdoj.gov
Kathryn A. Belfance, Trustee, at kb@rlbllp.com

And by regular U.S. mail, postage prepaid, on:

Louis Anthony Telerico, Debtor, P.O. Box 928, Aurora, OH 44202
Also served at 545 Bristol Dr., Aurora, OH 44202

Daniel Miller, 221 Summit Street SE, North Canton, OH 44720
Deborah Nashmy, Blue Rock Select LLC, 7395 Center St, Mentor, OH 44060
PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541

/s/ KATHRYN A. BELFANCE
**KATHRYN A. BELFANCE (0018035)**
*Chapter 7 Trustee*
50 S. Main Street, 10th Floor
Akron, Ohio 44308
(330) 434-3000, telephone
(330) 434-9220, fax
kb@rlbllp.com