IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 17-50236 |
| ) | Chapter 7 |
| LOUIS ANTHONY TELERICO, ) | Judge Alan M. Koschik |
| ) | |
| Debtor. ) | |
| ) | |

**CREDITOR UNITED STATES OF AMERICA'S REPLY TO CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION TO ALTER OR AMEND ORDER FOR TURNOVER AND TO SHOW CAUSE**

Creditor United States of America (Internal Revenue Service) submits this reply to the Chapter 7 Trustee's Response in Opposition to Creditor United States of America's Motion to Alter or Amend Order for Turnover and to Show Cause [Docket No. 258] ("Opposition").

In its Motion [Docket No. 247], the United States requests that the Turnover Order [Docket No. 240] be amended to clearly state that any funds received by the Chapter 7 Trustee from the Deferred Comp Plan shall be treated as cash collateral subject to the IRS's federal tax liens and segregated accordingly. The Trustee opposes the relief requested because the Trustee is not operating the Debtor's business, and the Trustee will distribute Deferred Comp Plan funds pursuant to 11 U.S.C. § 724. As will be discussed, the Trustee's arguments are based on an incorrect reading of the law.

    A.    **Bankruptcy Code Section 363(c)(4) Requires Segregation of Cash Collateral.**

The Trustee's Opposition fails to account for Section 363(c)(4)'s requirement that "the trustee shall segregate and account for any cash collateral in the trustee's possession, custody, or control." 11 U.S.C. § 363(c)(4). Section 363(c)(4) makes no exception for cash collateral relating to a Chapter 7 debtor whose business is being liquidated by the Chapter 7 trustee. The

Trustee does not appear to dispute that the funds paid to the bankruptcy estate from the Deferred Comp Plan are cash collateral. The United States simply wants cash collateral segregated, as Section 363(c)(4) requires.

### B. The Trustee Has Not Explained How She Will be Burdened by Opening a Separate Account.

The United States simply seeks to have cash collateral segregated, which can be achieved by opening a separate bank account which will hold only those funds received by the estate from the Deferred Comp Plan and which are subject to the United States' federal tax liens. The Trustee has not explained why this is particularly burdensome to her. Similarly, if the Trustee were to sell, pursuant to Section 363, property that is subject to liens, she would need to segregate the sale proceeds. It is unclear why maintaining a separate bank account for funds received from Deferred Comp Plan is uniquely burdensome here. The segregation requirement is a form of adequate protection and 11 U.S.C. §§ 361 and 363(e) provide an independent basis for the relief sought by the United States.

### C. The United States Agrees that Section 724(b) Applies Regarding Distributions.

The Trustee argues that the United States is somehow attempting to circumvent the requirements of Section 724(b), which sets forth the priority of distribution of property in which the estate has an interest and is also subject to a tax lien. The cases cited by the Trustee do not apply, as the United States is not seeking a substitute lien or a superpriority claim. The United States' request to segregate cash collateral does not change the order of distribution under Section 724(b), and the United States agrees that any distribution of funds received by the Chapter 7 Trustee from the Deferred Comp Plan must be made pursuant to 11 U.S.C. § 724(b), subject to the conditions set forth in 11 U.S.C § 724(e). Section 724(e) requires the Chapter 7

trustee to exhaust other assets before using Section 724(b) and to utilize 11 U.S.C. § 506(c) to reduce the impact of Section 724(b). The United States' request for segregation of cash collateral is consistent with the Section 724's distinct treatment of distribution of estate property that is subject to a tax lien. Other estate property not subject to tax liens, such as preferential transfer recoveries, are not subject to Section 724, so those funds would not need to be segregated.

## CONCLUSION

For all of the reasons set forth above, the United States' Motion should be granted.

DATED: June 5, 2019

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Philip Leonard Bednar*
PHILIP LEONARD BEDNAR
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-307-6415 (v)
202-514-5238 (f)
Philip.L.Bednar@usdoj.gov
WA State Bar No. 41304
Counsel for Creditor United States of America

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2019, I electronically filed the foregoing Creditor United States of America's Reply to Chapter 7 Trustee's Opposition to Motion to Alter or Amend Order for Turnover and to Show Cause with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

- Todd A. Atkinson tatkinson@ulmer.com
- Bryan J. Farkas bjfarkas@vorys.com, caujczo@vorys.com, mdwalkuski@vorys.com
- Scott D. Fink ecfndoh@weltman.com
- Stephen R. Franks amps@manleydeas.com
- Bryan T. Kostura bkostura@mcglinchey.com, hhines@mcglinchey.com, jlucas@mcglinchey.com
- Allison Manayan amanayan@portageco.com
- Michael J. Occhionero mjocolpa@sbcglobal.net
- James W. Sandy jsandy@mcglinchey.com, hhines@mcglinchey.com
- Richard P. Schroeter rschroeter@amer-collect.com, sallman@amer-collect.com, HouliECF@aol.com, jvaughan@amer-collect.com
- Frederic P. Schwieg fschwieg@schwieglaw.com
- David J. Sternberg djsternberg@ameritech.net
- Joshua Ryan Vaughan jvaughan@amer-collect.com, sallman@amer-collect.com,
- Steven L. Wasserman swasserman@westonhurd.com, specek@westonhurd.com
- Maria D. Giannirakis maria.d.giannirakis@usdoj.gov

*/s/ Philip L. Bednar*

PHILIP L. BEDNAR
Trial Attorney
United States Department of Justice, Tax Division